Barnett & Co, *vs.* Thompson.

BARNETT & Co., plaintiffs in error, *vs.* BENJAMIN THOMPSON, defendant in error.

This Court will reluctantly interfere with the discretion of the Court below, in mere *matters of practice;* unless the legal rights of parties are *prejudiced thereby.*

In an action of trover for the sale and conversion thereby, of seventeen bales of cotton, the measure of damages which the plaintiff is entitled to recover against the defendants, under the provisions of the Code, is the proven value thereof, at the time of the conversion, or its proven value at any other time, between the time of conversion and the time of trial, *without interest* on the amount thereof.

Trover.    Motion for new trial.    Decided by Judge WORRILL.    Muscogee Superior Court.    May Term, 1867.

This was trover and bail by Thompson, against Barnett & Co., for seventeen bales of ginned and packed cotton, averred to have been worth $5,000.00, and converted by the defendants, on or about the tenth day of October, 1865.    It was brought in the Inferior Court, and by consent carried to the appeal, in the Superior Court.    The plea was general issue. When the case was called and a jury empannelled to try it,

and when plaintiff's attorneys were in the act of opening the case, defendant's attorney moved to rule out the answers of Theodore Harris, to certain interrogatories taken out by plaintiff, upon the ground that but one person had acted as commissioner in taking them.

The commission read thus : " To N. R. Wilson, Commissioner for the State of Georgia, in Louisville, Kentucky, Esquires." Nothing was said though, about the commission having issued to but one commissioner.

In presenting said objection defendant's attorney stated that within the last five minutes, after the jury were empannelled, he had applied to plaintiffs' attorneys for the interrogatories upon which they relied, and had received from them these and others, that he never saw them before, that he had item that they had (not) been taken, that he, with the clerk, in vacation, shortly before that term of the Court, searched the clerk's office for interrogatories for the cases in which he was interested, and found none in this case.

In reply, Mr. Alfred Iverson, one of plaintiff's attorneys, stated to the Court, that Harris' interrogatories were taken and returned to the County Court, (Inferior Court,) before the appeal, and came up with the other papers to the Superior Court, and were in the office of the clerk of the Superior Court at its last regular term, and remained there all that term, (which was on the second Monday in November, 1866,) and until the adjourned term, in February, 1867, and during that term, and at the end of that adjourned term he took them away and brought them back at the beginning of the present term.

Iverson stated, also, that the objections to the interrogatories had not been made in writing. Then defendant's attorney proposed to put his said ground of objection in writing and asked time to do so, and commenced writing, saying it would take but a minute or two. The Court refused to wait, and overruled the objection and the trial proceeded.

The plaintiff proved that he had seventeen bales of cotton, (averaging from 550 to 600 pounds per bale,) taken from his farm against his will, by one Hughes, pretending to collect

up property belonging to the United States, that this cotton was taken to Columbus, and said defendants sold the same at 32½ cents per pound, giving a bill for it as theirs. He, also, proved that from October, 1865, up to the trial, the *maximum* and *minimum* prices of such cotton were from 32 to 45 cents per pound.

The plaintiff's attorneys had declined reading a clause of the answers of Pullem, a witness. Defendant's attorney read it in evidence.

It was, that Hughes and Chambers represented themselves as agents of the government of the United States, and were at that time at Union Springs, gathering up cotton and other property belonging to the United States government; they were acting under the orders of Powers, a government agent; at least they used his name in the papers which they gave. The defendants set up that they sold the cotton as agents, and proved that they said at the time of the sale that they took said price because the owner wished to leave the city.

The evidence closed.

Plaintiff's attorneys stated that they elected to recover the value of the property, and the Court charged the jury, among other things, that if they should find for the plaintiff, they might find for the highest price of cotton proven, or any other proven value, to which they should add interest on the sum from the time of the conversion, and return their verdict for the aggregate amount.

The verdict was for $4,256.73, and costs against defendants.

A new trial was moved for, upon the grounds that the Court erred in refusing to reject said Harris' interrogatories, in charging the jury as to interest as aforesaid, and because the verdict was contrary to law, etc., etc.

The refusal of a new trial is brought before this Court and assigned as error.

L. T. DOWNING, for plaintiffs in error.

RUSSELL & WILLIAMS, WILLIAM DOUGHERTY, for defendant in error.

23

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is the refusal of the Court to grant a new trial, upon the grounds specified in the record. The interrogatories of Harris had been returned to the clerk's office of the Court in which the suit was pending, and had remained there for some months, and then were taken out by one of the plaintiffs' counsel, and remained in his possession until the trial. When the cause was about to be submitted to the jury, exceptions were taken to the interrogatories upon the grounds that there was but one commissioner named in the commission, the commission being directed to "N. R. Wilson, Commissioner for the State of Georgia, in Louisville, Kentucky, Esquires." The deposition of the witness was taken by said commissioner, sworn to, and duly certified by him as such commissioner. The exceptions to the interrogatories were not made in *writing,* as required by section 3835 of the Revised Code. The counsel for the defendant asked for time to reduce his exceptions to writing, which the Court declined to give, overruling the exceptions, and admitted the interrogatories to be read in evidence. We are reluctant to interfere with the discretion of the Circuit Courts, in *mere matters of practice,* unless the legal rights of parties are *prejudiced* thereby. According to strict rule, the exceptions to the interrogatories ought to have been in writing; the indulgence asked for to put them in writing, was more a matter of *favor* than a matter of *right;* but we are inclined to the opinion that the exceptions to the interrogatories ought to have been overruled, had the same been reduced to writing. By section 62 of the Revised Code, the Governor of this State is authorized to appoint commissioners in other States and Territories of the United States, to "take and certify *depositions under commissions, or otherwise."* Commissioners shall issue generally in blank. Revised Code, 3826.

A commissioner, like a Judge, should stand perfectly impartial between the parties. Code 3827. The answers of the witness must be under oath, and certified to be so taken.

Barnett & Co. *vs.* Thompson.

The answers of the witness must be signed by him, and attested *officially*, by the commissioners *named in the commission.* Code 3832. The commission, in this case, issued in blank. The name of the commissioner appointed by the Governor, to take *depositions* in the State of Kentucky where the witness resided, was inserted in the commission. The answers of the witness were taken by such commissioner in due form, signed by the witness, and certified by the commissioner in his official capacity, as having been *sworn* to and executed before him. Looking to the *substantial* requirements of the law, rather than to *mere form*, we are of the opinion the interrogatories were executed before a commissioner of the State of Georgia who was authorized to take them, and that the exception taken to them, was properly overruled. The commissioner appointed by the Governor of the State of Georgia, was certainly as competent to take the deposition of the witness, as commissioners selected by the parties for that purpose, so far as *impartiality* and the faithful performance of duty was concerned. In view of the question, we do not think the rights of the defendants were *prejudiced* by the execution of the interrogatories before the commissioner, as stated in the record.

The Court below charged the jury in this case, " that if they should find for the plaintiff, they might find for the highest price of cotton proven, or any other proven value, to which they should add *interest* on the sum from the time of the conversion, and return their verdict for the *aggregate* amount." The exception to the charge of the Court is in relation to interest, upon the facts of the case. The conversion of the cotton by the defendants, was in making *sale* of it to Harris, who purchased it from them, at twirty-two and one-half cents per pound. The highest price for which cotton sold, was proved to have been forty-five cents per pound. In Schley vs. Lyon & Rutherford (6th Ga. R., 535) this Court held that the general rule in actions of trover is, that the measure of damages will be the value of the property *at the time of conversion*, with the interest thereon from that time. Since that decision was made, the legislature have adopted a

Revised Code of laws, for the government of the courts and people of this State.   By section 3506 of that Code, the plaintiff in an action of trover, is required to elect whether he will accept an alternative verdict for the property or its value, or whether he will demand a verdict for the damages alone, or for the property alone and its hire, if any.   In this case the plaintiff elected to have a verdict for the *damages alone.*  Now, what is the rule of damages in such cases as prescribed by the Code?  Under the head of *damages* arising from *torts,* section 3022 of the Revised Code, declares that " In estimating the *value of personalty* unlawfully detained, the plaintiff may recover the *highest* amount which he can prove, between the time of *conversion* and the time of the *trial*"—that is to say, the recovery shall *not* be limited, to the proven value of the property, at *the time of conversion;* but the plaintiff may recover its proven value at that time, or its proven value at any other time, between the conversion and the time of trial, even the *highest* proven value, if, in the opinion of the jury, he shall be entitled to do so under the evidence in the case to compensate him for the injury sustained by the conversion and detention of his property.   In this case, if the plaintiff's recovery had been limited, to the proven value of the property at the time of conversion by the sale of the cotton by defendants, the verdict would have been for a *less* amount; for the proven value of the cotton at that time, was thirty-two and one-half cents per pound, whereas, the *highest* proven value between the time of the conversion, and the trial, was forty-five cents per pound.   By a fair interpretation of the several provisions of the Code upon the question of damages, we do not think, it was the intention of the legislature, in cases of trover like the one now before us, to allow the plaintiff to recover the *highest* proven value of the cotton, between the time of the conversion thereof by the defendants and the time of trial, and also recover the *interest* on that amount, from *the time of the conversion* as part of his damages.   According to the old rule as stated in Schley vs. Lyon & Rutherford, the plaintiff would have only been entitled to recover the proven value of the cotton at the time of the conversion,

Barnett & Co. *vs*, Thompson.

and interest on *that amount*, but if he is now allowed interest as part of his damages, he may not only recover the *highest* proven value of the cotton, but interest on *that highest proven value* also, from the time of the conversion. The Code does not declare that the plaintiff shall recover interest on the proven value of the property as part of his *damages*; that may have been *intentionally omitted*, in view of the fact that the plaintiff was not confined to the proven value of the property at the time of *the conversion*, but was allowed to prove its *highest* value between the conversion and the trial. In other cases where the damages are to be increased by the addition of *interest* it is so *expressly* declared.

For damages arising from breach of contracts, legal interest is allowed thereon. By section 2494 of the Revised Code, it is declared that " In all cases where an amount ascertained, would be the damages at the *time of the breach*, it may be increased by the addition of *legal interest* from that time, till the recovery." This shows that when the legislature intended that interest should be allowed on verdicts for damages, it is *expressly* so declared in the Code. It is so expressly declared in section 2497, when there has been a breach upon a covenant of warranty of title to land. In estimating the *value* of the cotton converted by the defendants in this case, the rule of damages as prescribed by the Code, is that stated by the Court to the jury, *without the addition of interest.* As the plaintiff was not entitled to interest as part of his damages in this case, the judgment of the Court below will be reversed unless the plaintiff shall write off from the verdict, the amount of the interest specified in the judgment of this Court, in the *remittitur* to the Court below; in the event of his doing so, then the judgment of the Court below will stand affirmed.

Let the judgment be entered to that effect on the minutes of the Court.