The Southern Bell Telephone and Telegraph
Company v. Jordan.

1. Copy of an amendment having been served upon the defendant's
counsel in December, 1889, but the original not having been filed
until October 27, 1890, and the trial occurring on October 30, 1890,
it was no abuse of discretion to overrule a motion for continuance
by defendant's counsel who stated in his place that "he was sur-
prised by such amendment, that he was less prepared for trial
thereby, by reason of the fact that he had made no preparation,
by expert evidence or in other respects, to meet said amendment,
and that such surprise was not claimed for the purpose of delay
only." (R.)
2. In an action for damages sustained from the falling of a pole, an
allegation that the pole fell with great force, striking the plaintiff
on the left shoulder and collar-bone, breaking the bones thereof
and felling him to the rock pavement, authorized the introduction
of testimony that the pain suffered by the plaintiff "would perhaps
be from some injury to the muscles at the time the injury was in-
flicted." (R.)
3. The proper mode of examining a physician or expert, where he is
not testifying from his own knowledge, is to ask him hypothetical
questions. (R.)
4. Instructions to the jury upon damages for pain and suffering, that
"the law leaves the question of amount, in cases where an award
is proper, to the sound discretion of the jury," and "the law de-
clares that damages of this kind are in the discretion of enlightened
jurors whose aim is to be just and not oppressive," were not er-
roneous, considered with the context of the charge on this sub-
ject, although the word "discretion" in this connection is un-
usual. (R.)
5. A slip of the tongue in charging the jury, substituting "defend-
ant" for "plaintiff," is no ground for an assignment of error where
the jury could not have been misled thereby, and where the de-
fendant's counsel, though present and hearing the charge, did
not call the attention of the judge to the misuse of the word. (R.)
6. Under the evidence the verdict is not excessive. (R.)

March 23, 1891.

Continuance.    Amendment.    *Allegata et probata.*
Witness.    Damages.    Charge of court.    Verdict. Be-
fore Judge Van Epps.    City court of Atlanta.    Sep-
tember term, 1890.

On September 24, 1889, Jordan sued for damages be-
cause of the falling of a telephone pole upon him, al-

leged to have been so decayed as to have become exceedingly dangerous, which condition was known to the defendant or should have been known. The declaration further alleged that the pole struck the plaintiff on the left shoulder and collar-bone, breaking the bones thereof and throwing him upon a rock pavement, his right temple and cheek striking the pavement with such force as to produce contusion of the skin and raise a large knot on the temple; that he suffered, still suffers and will as long as he lives suffer great pain from the injury; that he is unable to use his left arm as he could previously, and that in cloudy weather his shoulder pains him all the while. The amendment referred to in the opinion alleged that his right eye continually inflames and gives him more or less trouble and pain, and that by degrees he is losing the sight of it as a result of the blow he received; and claimed additional damages. The jury, on October 30, 1890, found for him $2,000. See the opinion for the other facts.

Hoke & Burton Smith, for plaintiff in error.

R. J. Jordan, contra.

Simmons, Justice.

1. The 1st ground insisted on in the motion for a new trial in this case for a reversal of the court below is, that the court erred in refusing to continue the case after the plaintiff filed the amendment set out in the record. The record shows that a copy of the amendment was served on the defendant's counsel in December, 1889, but the original was not filed in office until October 27th, 1890, and that the trial was had on October 30th, 1890. Defendant's counsel stated in his place that "he was surprised by such amendment; that he was less prepared for trial thereby, by reason of the fact that he had made no preparation, by expert evidence or in other respects, to meet said amendment;

and that such surprise was not claimed for the purpose
of delay only." Counsel did not state that he had not
been served with a copy of the amendment, or that he
had forgotten it, or that he thought the plaintiff had
abandoned it because he had not filed it in court; nor
did he state what he could prove or expected to prove
if the continuance were granted. We are inclined to
think that when he received the notice of the amend-
ment, that was sufficient to put him upon some inquiry
for evidence to meet it. Under the code the plaintiff
had the right to offer the amendment at any stage of
the trial, and was not compelled to offer it until the
trial, and the defendant's counsel, knowing this, should
have made preparation to meet it. We presume the
notice was given by the plaintiff for the very purpose
of preventing a surprise to the defendant and a contin-
uance of the case by it. Morever, the code, §3521,
declares, in substance, that when an amendment is
made and a surprise claimed on that account, it is still
in the discretion of the court whether he will grant the
continuance or not. And this court will not attempt
to control the discretion given by law to the trial judge,
unless that discretion is abused. After a careful study
of the facts in this case, we do not think the trial judge
abused his discretion.

2. The 2d ground complains that the court erred in
allowing the physician to testify that the pain suffered
by the plaintiff " would perhaps be from some injury
to the muscles at the time the injury was inflicted."
The error assigned is that there was no allegation in
the declaration under which it would be admissible,
there being nothing alleged as to any injury to the
muscles. There was no error in allowing this testi-
mony. The declaration alleges that the pole fell with
great force, striking the plaintiff on the left shoulder
and the collar-bone, breaking the bones thereof and

felling him to the rock pavement. We think this allegation is sufficient. to authorize proof of pain in the muscles, without alleging specifically that the muscles were lacerated and injured. We cannot see how the collar-bone could have been broken by the falling of the pole upon it, without injuring the muscles of the shoulder.

3. The 3d ground complains that the court allowed plaintiff's counsel, in interrogating the physician as to the condition of the plaintiff, to put hypothetical questions. There was no error in this, under the facts of the case. The proper mode of examining a physician or expert, where he is not testifying from his own knowledge, is to ask him hypothetical questions. Dr. Knott testified in this case that his attention had never been called by the plaintiff to his eye; and the questions asked him must, therefore, have been upon the statement made by the plaintiff in his testimony.

4. The 6th ground alleges as error that the court instructed the jury that "the law leaves the question of amount, in cases where an award is proper, to the sound discretion of the jury," and "the law declares that damages of this kind are in the discretion of enlightened jurors whose aim is to be just and not oppressive." There was no error in this charge, taking it in connection with the context of the charge as set out in the record. The criticism made upon it was as to the use of the word "discretion." While this word is not usual in instructions to juries upon this subject, we do not think that, when taken in connection with the remainder of the charge, the jury could have understood, as was claimed by counsel for the plaintiff in error, that they were "turned loose" to give any amount of damages they saw proper. The judge was instructing them upon the law of damages, in regard to pain and suffering. He informed them that there was "no rule by

which the value of a pain may be ascertained with mathematical precision ; damages of this sort are of a nature not susceptible of being calculated accurately in money" ; and then added the words excepted to in this ground of the motion.　This was equivalent to instructing the jury that the plaintiff could not prove in dollars and cents the value of pain and suffering, but that in arriving at the amount of their award, they must act as fair and reasonable men, in the exercise of sound discretion and judgment, and give the plaintiff a reasonable amount for the pain he had suffered, such an amount as would be deemed proper in the enlightened consciences of impartial jurors who were seeking to be reasonable and fair, and not oppressive in their finding.

5. The 9th ground complains that the court erred in charging as follows : " With reference to the claim which defendant makes that his eye suffered an injury, and his eyesight, and that this will continue in the future, I charge you that the burden is upon the plaintiff to show to your satisfaction that an injury such as that now under consideration was either the approximate result of the defendant's wrongful act, if any, or its necessary and connected effect."　The criticism on this charge is that the court used the word " defendant" in the first line thereof, instead of the word " plaintiff."　We do not think that the jury could have been misled by the use of the word " defendant" for " plaintiff."　The jury could very easily understand that the court meant plaintiff, taking it in connection with the other words of the sentence.　It would be a reflection upon their intelligence to even suppose that they could be misled by such a slip of the tongue as this evidently was.　Besides, the defendant's counsel was present and heard the charge, but did not call the attention of the court to the misuse of the word.　See *Wilson* v. *State*, 66 *Ga.* 591.

6. It is also claimed that the verdict is excessive. The evidence shows that the defendant was grossly negligent in allowing a rotten pole to stand in a populous street where it was subject to fall at any time and kill or injure any one travelling upon the street, and that it did fall upon the plaintiff and break his collarbone and badly bruised him by throwing him upon the hard pavement of the street; that he received a contusion of the skin upon his head, above the right eye, and a large knot above the temple; that his eye had given him trouble since the injury, had been inflamed more or less, especially when he read, and that he suffered a good deal at the time of the injury, and his shoulder and arm had given him more or less pain since then, especially in cloudy weather. Upon this state of facts we do not think the verdict is " so excessive as to justify the inference of the jury's mistake or undue bias."          *Judgment affirmed.*