41937. CODY et al. v. PEAK et al.

JORDAN, Judge. This is a companion case to that of *Peak v. Cody,* ante. In this action Mrs. Mary M. Peak sought to recover damages for the loss of consortium of her husband arising out of the injuries allegedly sustained by him as a result of

the negligence of the defendant hotel and the defendant elevator company. The jury returned a verdict in the amount of $10,000 in favor of the plaintiff and against the defendant hotel only; and the appeal is from the judgment of the trial court entered thereon, error being enumerated on the denial of the defendant hotel's amended motion for new trial. The defendant elevator company was also named as a party appellee to this appeal and has filed a motion to be dismissed. *Held:*

1. The defendant hotel in its answer to the plaintiff's petition did not deny the allegations of negligence charged against the co-defendant, and the trial court committed error, as contended in special ground 5, in instructing the jury that "All of these allegations of negligence are denied by both of the defendants." *Thomas v. Barnett,* 107 Ga. App. 717 (5), 728 (131 SE2d 818). Since it cannot be said that a verdict was demanded for the plaintiff, this error requires the grant of a new trial. *Baker v. Moore,* 182 Ga. 131, 137 (184 SE 729).

2. The defendant hotel in special ground 6 assigned error on the court's instructions to the jury on the issue of assessing damages for the plaintiff's loss of consortium in the future on the ground that there was no evidence in the record of the age and life expectancy of both the plaintiff and her husband upon which the jury could base an award for future loss of consortium. Since, as contended by the defendant, the right of consortium exists only during the joint lives of the husband and wife, such evidence is essential to the jury's determination of this issue; and the jury should be clearly instructed that a recovery, if any, for future loss of consortium must be based on the shorter of two life expectancies. *Walden v. Coleman,* 105 Ga. App. 242 (124 SE2d 313).

3. Since this case must be tried again, it is unnecessary to consider the general grounds and special ground 7 which attacked the verdict as being excessive. It is also unnecessary to consider the remaining special grounds since the alleged errors complained of therein are not likely to recur on the retrial of this case.

4. As held in *Peak v. Cody,* ante, the defendant elevator company was properly named as a party appellee to this appeal notwithstanding the fact that it will not be affected by the

678

further proceedings in this case, and its motion to be dismissed is denied.

*Judgment reversed.    Bell, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 4, 1966—DECIDED APRIL 22, 1966.

*Lokey & Bowden, Glenn Frick,* for appellants.

*Irwin, Anderson, Smith & Pazol, R. Beverly Irwin, Eugene Simons, Ben Weinberg, Jr., Gregg Loomis,* for appellees.