45802.  STATE HIGHWAY DEPARTMENT v. HOWARD et al.

PANNELL, Judge. 1. Where a limited access highway is condemned by the State, which highway cuts off 19 acres from the remainder of the land of the condemnee leaving said 19 acres without any access thereto, testimony offered by the condemnor that *with access* there would be no damage to the 19 acres, standing alone, is inadmissible and without probative value on the question of consequential damages to the 19 acres without access. While, coupled with evidence of the cost of acquiring access, it may have been admissible for the purpose of showing that the consequential damages were the cost of acquiring access, no such evidence has been called to our attention by the appellant condemnor other than its contention that the evidence shows condemnee's brother would give the condemnee an access road. The testimony of the brother referred to does not sustain this contention. There was no error in excluding the testimony offered.

2. It is the law of this case (*State Hwy. Dept. v. Howard*, 119 Ga. App. 298 (6) (167 SE2d 177)) that where a party uses a witness to prove the value of the land taken, such witness on direct examination may be questioned as to other tracts of land bought and sold and give hearsay testimony as to the sale price in order to show the basis of the witness's opinion, whether or not such evidence would be admissible otherwise as original evidence of sales of comparable property.

3. A witness for the condemnee was permitted, over objection, to testify as to his opinion of the consequential damages to the property not taken, based upon the "before value" of the remaining property, assuming the multi-lane highway was then already constructed on the acquired portion of the property with unlimited access thereto and then subtracting from the value thus obtained his opinion of the value of the remaining property without access to the multi-lane highway and giving the difference as his opinion of consequential damages. This was error. Consequential damages are generally ascertained by figuring the difference between the value of the remaining property immediately before the taking and its value after the taking for the particular proposed improvement. Here the wit-

ness was attempting to show an increase in value based on a fictitious improvement, and he was in effect adding to the value of the remaining property the consequential benefits (fictitious) and subtracting therefrom the difference in value after the taking, as consequential damages. The testimony was that the before-taking value, based upon the assumption of a non-limited access highway already built, was $1,000 per acre and the value after the taking was $100 per acre, or a consequential damage of $900 per acre. This same witness previously testified that, without the assumption, all of the property was worth about $500 per acre. It appears, therefore, that the true consequential damage according to this witness's testimony would have been $400 per acre rather than $900 per acre. Since the decision of the Supreme Court in *State Hwy. Dept. v. Lumpkin*, 222 Ga. 727 (152 SE2d 557), there have been many attempts through guises of this sort to obtain more money for the same thing than could be obtained prior to that decision. If the testimony of the witness had shown that the market value of the land before taking had increased in value $1,000 per acre because of the contemplated improvement, a different question may have been presented. See *Calhoun v. State Hwy. Dept.*, 223 Ga. 65 (2) (153 SE2d 418). The overruling of the objection and the admission of this testimony was error.

4. Error is assigned on the following charge of the trial judge: "Now when the right of way for limited access highway is duly condemned, the right of the property owner through whose land it passes and divides, to go upon such highway, is lost. Before such right is taken, the landowner is entitled to just and adequate compensation for such rights. So one of the issues in the condemnation of this right of way for limited access highway is the value of this very right of access. The right to go upon and across the proposed highway." Whether or not this charge is error under the rulings of this court in *Klumok v. State Hwy. Dept.*, 119 Ga. App. 505 (167 SE2d 722) and *Potts v. State Hwy. Dept.*, 120 Ga. App. 164 (169 SE2d 678) or is correct under the decision of the Supreme Court in *State Hwy. Dept. v. Lumpkin*, 222 Ga. 727, supra, and *State Hwy. Dept. v. Price*, 123 Ga. App. 655 (182 SE2d 175), distinguishing *Klumok* and *Potts*,

and whether such distinction is a valid one, it is not necessary to decide, as in our opinion, the charge, if error, was harmless in view of the following quoted charges of the court and numerous other charges to the same effect limiting the jury's consideration to two elements of damage, the market value of the property taken, and the consequential damage to the remainder: "Now in arriving at just and adequate compensation, you will determine what the fair market value of the 5.894 acres of land actually taken was, and award this amount to Mr. Howard as actual damage, for the taking of this 5.894 acres. You will then determine the amount of consequential damages to the remaining land of Mr. Howard and you will add the two sums together in a lump sum to constitute your verdict. You will determine what amount of money represents the value of the land actually taken and you will award this amount as actual damages. Then you will award consequential damages, and you will add such consequential damages to the actual damages and let your verdict speak in one lump sum. There is no necessity to separate the amount, you can lump the actual damages and the consequential damages together and let your verdict speak in one lump sum." Nor were the charges quoted above reversible error on the ground that they directed the jury to find consequential damages to the remaining land not taken. While so instructing the jury may have been technical error, it is harmless here for the reason that the only evidence properly submitted on the subject showed some consequential damages to the remaining land.

5. The remaining enumeration of error (No. 4) not herein specifically dealt with is without merit.

The trial court erred in overruling the condemnor's motion for new trial as amended for the reasons hereinbefore given.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
ARGUED JANUARY 4, 1971—DECIDED JUNE 18, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant*

*Attorney General, Robert E. Sherrell, Deputy Assistant Attorney General,* for appellant.

*Beverly B. Hayes,* for appellees.