## 46743.   CITY OF ATLANTA v. McLUCAS et al.

EBERHARDT, Judge. In this eminent domain case the city was acquiring land from Mrs. McLucas on which she had placed a long-term lease, the interest of the lessee having been acquired by a separate trial as to value. Expert witnesses were used by the owner and by the city for showing value. After a verdict of the jury fixing the value of Mrs. McLucas' interest as owner-lessor, present and reversionary, the city appeals from the judgment on the verdict.

1. Enumeration of error 1 is as to the admission of evidence as to the value of the owner's interest "subject to the lease," it being contended that the true question was the value of the owner's reversionary interest without any consideration of the lease on the property.

The true rule, as we understand it, is that in this kind of situation the owner is entitled to have awarded to him the present value of the right to receive rents over the period of the lease, together with whatever the value of the reversion may be. *Ga. Power Co. v. Brooks,* 207 Ga. 406, 409 (62 SE2d 183). Consequently, it is not possible to disassociate the fact of the lease in awarding to the owner his proper damages.

2. Enumerations of error 2 through 9 are as to the admission of testimony of the owner's expert wherein he gave instances of sales of other nearby properties, deemed by him to be comparable, and stating the sale prices which he had obtained from an examination of the public deed records and from conversations with the sellers, the purchasers and in one instance from the brother of a seller. It is urged that this testimony was hearsay and thus improperly admitted to prove the fact of the sale prices. The court, however, in overruling the objections to the evidence, asserted that it was admitted for the purpose only of showing the basis for the expert's opinion as to value, and not as proof of the facts as to the sale prices.

We have held many times that an expert's opinion may be

based in part upon hearsay, and that when it is based thereon it goes to the weight and credibility of the testimony—not to its admissibility. *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716); *State Hwy. Dept. v. Howard,* 124 Ga. App. 76 (2) (183 SE2d 26). But see footnote 1 in *Hoard v. Wiley,* 113 Ga. App. 328, 332 (147 SE2d 782). Limitation of the purpose of the evidence to a showing of the basis of the expert's opinion was proper.

Appellant contends that since the owner did not so limit the testimony when it was being elicited from her expert, the court had no right to do so and that its limitation on the purpose of the evidence did not eliminate the error of admitting it. This contention is without merit. The judge who presides is in control of the court. It is his prerogative to rule upon objections to the admission of evidence, and in making his ruling to place a limitation thereon which renders its admission to be in conformity with the law. "[T]he trial judge is more than a mere chairman preserving order at a meeting or a mere moderator of a debate, but he is a minister of justice with a duty to govern the progress of a trial, and where possible, to prevent the introduction of inadmissible evidence . . ." *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76).

3. Appellant contends that it was unduly limited in its right of cross examination of certain witnesses, but we do not regard the limitation, which had the effect of avoiding a questioning relative to matters not in evidence and which would not have been admissible in and of themselves, as being unreasonable.

4. When the condemnee's witness was on cross examination concerning a comparable sale of property across the street he was asked by condemnor's counsel: "Do you consider that it was given away to Green Brothers & Son?" and the witness replied, "Well, I don't consider that it was given away. I know that the City of Atlanta gave them more than twice what they paid for it." Condemnor then moved for a mistrial on the ground that the witness had attempted to inject a price paid by the city

(to Green Brothers & Son) for the property in the course of acquiring it for public purposes. The court denied the motion, observing that counsel had opened up the matter by his own questioning.

We agree that evidence as to what the city may have paid for the property, it being a condemning authority, was not admissible for the purpose of showing value. *Williams v. Colonial Pipeline Co.*, 110 Ga. App. 824, 825 (140 SE2d 150) and cits. However, there was no motion to strike or to exclude the evidence, and since it was brought out by the condemnor on cross examination, the denial of the motion for mistrial is not, under the facts here, error sufficient to require the grant of a new trial.

5. While condemnee's counsel interrogated a witness on re-direct examination he asked a hypothetical question: "All right, now I am going to ask you whether or not it would make any difference [in your opinion as to value], and if so, what difference, if this buyer that you find had an absolute right to cancel the lease upon paying the difference in the economic rent of the land and the rent due under the lease?" There was objection on the ground that the question was based upon facts not in evidence, which the court overruled and allowed the witness to answer, and the witness answered "Yes."

The objection was good. There was no such provision in the lease affording a right of cancellation. It was plain error to allow the question and answer. However, appellant does not demonstrate how or in what manner it was harmed by this error, and we deem it to have been harmless under the facts here.

6. It is contended that the court erred in its charge in instructing the jury that they should determine the value of the unencumbered fee in the property, then determine the value of the lessee's interest under the lease, if any, and award the difference in these figures to the owner. The unencumbered fee was defined as the property without an encumbering leasehold on it.

This does not appear to be a strictly accurate statement as

to the measure of damages to be awarded to the owner-lessor, but it is more favorable to the condemnor than a technically correct statement of the measure would be. We can see no harm to appellant because of the charge.

*Judgment affirmed. Bell, C. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED JANUARY 3, 1972—DECIDED JANUARY 21, 1972.

*Albert B. Wallace,* for appellant.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, Frank Love, Jr.,* for appellees.