49439. SECURITY INSURANCE GROUP et al. v. BRACKETT.

Webb, Judge.
The employer and carrier in this workmen's compensation case appeal from the judgment of the superior court affirming the award of compensation for death, but remanding to the board for the sole purpose of taking evidence and making a determination as to the medical expenses incurred. *Held:*

1. (a) Appellants objected to the opinion of Dr. Wages as to the cause of death of the employee,

contending that it was hearsay, or based upon the hearsay opinion of Dr. Summers who did not testify, and hence was without probative value. Had Dr. Wages merely parroted the opinion of Dr. Summers, who was on duty at the hospital and called to attend the employee between 4:00 and 4:13 a. m. when the employee died, there might be merit to this contention. However, the record does not reveal that Dr. Summers expressed any opinion as to the cause of death, and it is clear that Dr. Wages was expressing his own opinion and not merely repeating the opinion of someone else, as the board correctly found. Dr. Wages, who signed the death certificate and was qualified as an expert, testified that in his opinion the cause of death was a "massive amount of myocardial infarction" and this opinion was based upon his treatment and observation of the employee in the hospital and the objective findings made by Dr. Summers at the time of death. These findings were incorporated into the hospital records and introduced in evidence, and these records contain no opinions, conclusions, etc. (see *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344)) but only Dr. Summers' physical findings and acts performed at the time of death.

"We have held many times that an expert's opinion may be based in part upon hearsay, and that when it is based thereon it goes to the weight and credibility of the testimony — not to its admissibility." *City of Atlanta v. McLucas,* 125 Ga. App. 349, 350 (187 SE2d 560).

(b) There is sufficient competent evidence in the record to support the award. *Sears, Roebuck & Co. v. Poole,* 112 Ga. App. 527, 528 (2) (145 SE2d 615); *Burson v. Howell,* 112 Ga. App. 675 (145 SE2d 718); *Aetna Cas. & Sur. Co. v. Williams,* 117 Ga. App. 713 (161 SE2d 396).

2. The superior court properly remanded the award "for all reasonable and necessary" medical and burial expenses to the board for the sole purpose of taking evidence and making a determination as to the specific expenses incurred. *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 805 (4) (198 SE2d 412); *Employers Commercial Union Ins. Co. v. Offutt,* 129 Ga. App. 270 (199 SE2d 406); *Chambers v. Powell,* 126 Ga. App. 393 (190 SE2d 823).

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED MAY 30, 1974 — DECIDED JUNE 12, 1974 — REHEARING DENIED JULY 16, 1974.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.
*Morgan & Sunderland, Thomas Stanley Sunderland,* for appellee.