## 51010. CLARIDY v. BEAR et al.
## 51011. RODRIGUEZ v. BEAR et al.

WEBB, Judge.

Marilyn Claridy, while operating her automobile, and Judith Rodriguez, a passenger therein, were allegedly injured when their vehicle was struck in the rear by an automobile owned by Virich Bear and being driven by his servant, Ruben Meadows. The jury returned a verdict of $1,250 for plaintiff Claridy and $400 for plaintiff Rodriguez, and being dissatisfied with those amounts they now appeal. *Held:*

1. There is no merit in the contention that the judgments must be reversed because of inadequacy of the verdicts. Each plaintiff suffered from conditions unrelated to this collision, and it was for the jury to sort out the reasonable and necessary expenses and damages attributable to the accident. See, e.g., *Miller v. Dean,* 113 Ga. App. 869 (1) (150 SE2d 191); *Johnson v. Cook,* 123 Ga. App. 302, 303 (1) (180 SE2d 591); *Taylor v. Roberson,* 127 Ga. App. 24 (192 SE2d 384); *Hiter v. Shelp,* 134 Ga. App. 814 (216 SE2d 666).

2. Reversal is not required because the trial court failed to admit mortality tables into evidence. The ages of the plaintiffs were shown, and the trial court charged on future pain and suffering. "Where the age of a person is shown, his expectancy of life may be determined by the jury without any other direct evidence on the subject. Tables of the probable length of life and its probable worth may be useful, but are not conclusive or absolutely essential for that purpose." *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 572 (5) (84 SE 69).

3. In plaintiff Claridy's case, error is enumerated upon the trial court's failure to charge her request no. 6, dealing with the aggravation of a pre-existing condition. While plaintiff contends that a medical witness gave testimony that the orthopedic injuries aggravated her pre-existing diabetic condition, we understand the testimony to be that the diabetic condition complicates the treatment of an orthopedic injury. This is the inverse of aggravation of a pre-existing condition, and we find no reversible error.

*Judgments affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED
SEPTEMBER 30, 1975.

*Grogan, Jones & Layfield, Milton Jones,* for appellants.

*Elkins & Flournoy, James A. Elkins, Jr., Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, Charles Staples,* for appellees.