53096. HOSPITAL AUTHORITY OF WALKER, DADE & CATOOSA COUNTIES v. SMITH et al.

McMURRAY, Judge.

John C. Smith, who had a history of arterial disease, was admitted to John L. Hutcheson Memorial Tri-County Hospital (Hospital Authority of Walker, Dade & Catoosa Counties) after suffering a heart attack. While in the intensive care unit of the hospital, which required protective rails around the beds and restraints as required by hospital procedure when ordered by the patient's attending physician, he fell from a hospital bed and broke his hip. Shortly before falling he was somewhat restless, in a confused and disoriented mental state, under heavy medication; and had been restrained in bed by wrist and body restraints. No one saw Mr. Smith fall, but at the time of the fall he did not have any restraints inasmuch as he was found on the floor outside of his bed after the nurse heard a "thud." Subsequent events disclosed he suffered a broken hip.

Smith and his wife sued the hospital authority for personal injury and damage as the result of the negligence on the part of the defendant, and the wife's action was for loss of the service and companionship of her husband. An answer was filed denying the allegations of negligence in which the defendant contends the injury

was a result of plaintiff husband's own negligence and deliberate violation of the instructions of his physician. After filing suit, Smith fell in his backyard, re-breaking his hip, and the evidence is conflicting as to whether this fall was occasioned by the hip giving way or whether he slipped. Surgical procedure on his hip followed in another hospital with the installation of a prosthesis.

The case came on for trial, and at the close of plaintiffs' evidence defendant moved for directed verdict, contending that the plaintiffs' evidence indicated that the hospital had exercised the highest degree of care throughout plaintiff husband's treatment. This motion was denied, and at the close of defendant's case it renewed its motion for directed verdict, which was again denied. A verdict was returned in favor of Smith in the sum of $40,000 and a verdict for $5,000 in favor of his wife. Judgment was entered, and defendant moved for new trial and for judgment notwithstanding the verdict. Both motions were denied, and defendant appeals. *Held:*

1. As a part of defendant's argument with respect to the denial of its motion for new trial it is contended that there was evidence showing the jury had arrived at a verdict by chance, that is, a quotient verdict; and while counsel states he was aware of *Fulton County v. Phillips,* 91 Ga. 65 (16 SE 260), now codified as Code § 110-109 as to the fact that affidavits of jurors may be taken to sustain but not to impeach their verdict, he insists that this rule should be disapproved by this court. But this rule is not only case law but has become a part of the Code; and in *Shouse v. State,* 231 Ga. 716 (3) (203 SE2d 537), it has been held to be constitutional under the attack therein made. As this court is required to follow the decisions of the Supreme Court and the law of this state we cannot disapprove this rule of law thus established. But in any event, the affidavits submitted on the motion for new trial are in conflict as to whether or not the jurors arrived at a quotient verdict as contended and also as to whether prejudicial comments were made in the jury room as to counsel's representation of a defendant in a murder trial in Walker County. There is no merit in this complaint. See in this connection *Smoky Mtn. Stages, Inc. v. Wright,* 62 Ga. App. 121 (4) (8 SE2d 453); *Fields v. Jackson,* 102 Ga.

App. 117 (1a) (115 SE2d 877); *Jordan v. Fowler,* 104 Ga. App. 824 (1) (123 SE2d 334); *Bailey v. Todd,* 126 Ga. App.731, 739 (191 SE2d 547).

2. The factual issues concerning liability were jury questions here and there being evidence to support the verdict and judgment, the discretion of the trial court in refusing the new trial will not be reversed unless there is a clear abuse of discretion. See *Carroll v. Johnson,* 105 Ga. App. 541, 543 (125 SE2d 91). The evidence in this case comes within the parameters of *Emory University v. Shadburn,* 47 Ga. App. 643 (171 SE 192); *Porter v. Patterson,* 107 Ga. App. 64 (1, 2) (129 SE2d 70); *Hospital Authority v. Adams,* 110 Ga. App. 848 (140 SE2d 139); and *Tate v. McCall Hospital,* 57 Ga. App. 824 (196 SE 906). Neither the general grounds of the motion for new trial, nor the motion for judgment notwithstanding verdict is meritorious.

3. During the trial, the deposition of a medical expert (M. D.) was introduced in evidence, and defendant moved to suppress it as clearly inadmissible hearsay. The testimony generally involved hypothetical questions in regard to the plaintiff husband with reference to the operation in which the prosthesis was inserted in plaintiff husband's hip. The expert began his testimony by stating that he had occasion to staff, review and consult in relation to the plaintiff husband as a result of the injury he had sustained. Most of the testimony then given were answers to hypothetical questions, and were clearly authorized in evidence. *Southern Bell Tel. & Tel. Co. v. Jordan,* 87 Ga. 69 (3), 72 (13 SE 202); *Seaboard A. L. R. v. Bradley,* 125 Ga. 193 (4), 197 (54 SE 69); *City of Atlanta v. McLucas,* 125 Ga. App. 349 (2) (187 SE2d 560); *Security Ins. Group v. Brackett,* 132 Ga. App. 415 (208 SE2d 109). But the only objection made was to the first question, and the witness clearly could answer it as he had been consulted and had reviewed the patient's file and had been on the staff, and the deposition was not objectionable in its entirety. No specific objections were raised to the testimony as it was read in evidence. See *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (2, 3) (184 SE2d 48); *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436); *Gattlen v. State,* 134 Ga. App. 71 (213 SE2d 173). There is no merit

in this enumeration of error.

4. Damages for loss of consortium, like pain and suffering, are general damages, not capable of exact pecuniary measure and must be left to the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship and all the circumstances of the case. *Hightower v. Landrum,* 109 Ga. App. 510, 516 (136 SE2d 425). Argument is made that only the life expectancy of the husband was offered in evidence, and under *Cody v. Peak,* 113 Ga. App. 676 (2) (149 SE2d 521), both life expectancies of husband and wife should have been given in evidence, and the jury instructed that any loss of consortium must be based on the shorter of two life expectancies. This, of course, would be one method of proving same. But the jury was authorized to judge the age and physical condition of a witness by observation of that person, and as the wife's health was not as precarious as that of her husband, we see no error in the fact that the life expectancy of the wife was not in evidence. See *Louisville & N. R. Co. v. Bean,* 49 Ga. App. 4, 7 (174 SE 209); *Standard Oil Co. v. Reagan,* 15 Ga. App. 571 (5), 591 (84 SE 69); *Claridy v. Bear,* 135 Ga. App. 910 (2) (221 SE2d 53). This enumeration of error is not meritorious.

5. The evidence was in conflict as to whether or not the subsequent injury to plaintiff husband's hip directly related to and proximately resulted from the original act by aggravation of the pre-existing injury. Under the evidence presented the court did not err in charging the jury that it might consider whether or not the subsequent injury resulted from aggravation of the pre-existing injury or was in itself a result of the want of ordinary care of the injured person. A wrongdoer is always responsible for the reasonably foreseeable consequences of his tortious act. *Southern R. Co. v. Webb,* 116 Ga. 152 (1) (42 SE 395); *Knight v. Lowery,* 228 Ga. 452, 456 (185 SE2d 915); *City of Elberton v. J. C. Pool Realty Co.,* 111 Ga. App. 765 (3), 768 (143 SE2d 407).

6. The court did not err in charging that the defendant (Hospital Authority) was a quasi corporation, and that corporations do business through their agents, servants, employees and officers authorized expressly or

by implications to act for them or that they may subsequently ratify the acts of another; and that a principal is bound for all acts of its agent acting within the scope of his authority. It also charged that negligence, if any, of an agent is imputed to the principal. The negligence referred to here cannot be imputed or transferred to the independent contractor, the medical doctor; for if anyone was negligent it resulted from the care of the patient, and there was evidence to show the subsequent fall resulted from lack of proper care of the employees of the hospital, not under any alleged instructions of the patient's doctor.

No evidence was shown that involved the loaned servant rule as to the hospital's nurses, even though the medical doctor might leave special instructions as to care of his patient. There was no control of the servants nor could the doctor discharge the servant or put another in the servant's place or put the servant to other work. See *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182 (196 SE2d 133); *Hotel Storage, Inc. v. Fesler,* 120 Ga. App. 672 (1), 674 (172 SE2d 174); *Helms v. Young,* 130 Ga. App. 344 (203 SE2d 253). There is no merit in this complaint.

7. The charge requested by defendant as to the doctrine of res ipsa loquitur was not adjusted to the evidence and was argumentative in that it was couched in language more favorable to the defendant than to plaintiff; hence the court did not err in refusing to give these written requests to charge. The case of *Hospital Authority v. Eason,* 222 Ga. 536 (150 SE2d 812), is not controlling. The court did not err in refusing to charge that the doctrine of res ipsa loquitur was not applicable. The substance of Code § 38-123 that the jury might infer the existence of other facts reasonably and logically cognizant on those proved was contained in the plaintiffs' pleadings, but the court properly charged the jury as to its consideration of the pleadings as not evidence and the pleadings of the parties were merely their contentions. It is never error to send out the pleadings with the jury where the court fully explains the purpose of the pleadings and that they are not evidence. *Cagle v. Atchley,* 127 Ga. App. 668, 671 (2) (194 SE2d 598); *F. N. Roberts Corp. v. Southern Bell Tel. & Tel. Co.,* 132 Ga. App. 800 (5) (209 SE2d 138).

The discretion of the trial judge in the conduct of the trial and matters of practice as to the disposition of causes will not be interfered with unless manifestly abused. *Barnett & Co. v. Thompson,* 37 Ga. 335; *International Assn. of Machinists v. Street,* 215 Ga. 27, 40 (3) (108 SE2d 796). We find no abuse of that discretion, and there is no merit in this complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED MAY 13, 1977 — 

*Frank M. Gleason, James A. Secord,* for appellant.
*Brown, Harriss, Hartman & Ruskaup, Robert J. Harriss,* for appellees.