## 59183. OGLETREE et al. v. UPSON COUNTY HOSPITAL AUTHORITY.

BANKE, Judge.

James Ogletree was being treated for a heart condition in appellee-hospital's intensive care unit when he fell from his bed and injured his hip. As summarized in the pretrial order, damages were claimed based on the alleged "negligence of the Upson County Hospital Intensive Care Unit's employees, specifically, watching the monitors and constant intensive care, in not performing their duties and the hospital's negligence in retaining negligent employees after having been put on notice by previous closing of the intensive care unit because of negligent operation . . ." The plaintiff-appellant appeals the trial court's grant of summary judgment to the hospital. *Held:*

1. The deposition testimony of James Ogletree, among other things, provides evidence that at the time of his fall and injury the protective railings on his hospital bed were not raised to guard against his falling out. There is other evidence showing that he was seriously ill, and somewhat confused. Summary judgment is appropriate "if the pleadings, depositions . . . together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law . . ." Code Ann. § 81A-156 (c). The evidence in the record before us provides a basis upon which liability and damages could be predicated. See *Hospital Authority v. Smith,* 142 Ga. App. 284 (235 SE2d 562) (1977).

2. Appellant enumerates two other errors, the first of which is rendered moot by our opinion; the other is unsupported by the record.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 12, 1980.

*Harold E. Martin,* for appellants.
*Ronald Barfield,* for appellee.