## 60155. DEPARTMENT OF TRANSPORTATION v. BROWN et al.

Deen, Chief Judge.

The appellant filed condemnation proceedings for a strip of land of approximately 19 acres running through the center of Brown's farm, leaving two disconnected areas of 26 and 64 acres respectively. On appeal to a jury appellee was awarded $51,044.66.

1. The condemnor urges that a new trial should be granted because of errors in the instructions on consequential damages which, it contends, led to a grossly inflated verdict. After charging on the measure of damages for the land taken, the court stated that there were two kinds of damages: "I charge you that where the defendant is entitled to consequential damages to his remaining land, that is a question of fact for you the jury to determine from the evidence under the rules given you in charge. If you award any consequential damages in addition to the actual damages then your verdict of course would be in one lump sum which would include the actual and the consequential damages. Consequential damages are damages that the defendant has sustained to the remaining land not taken that may result from the taking of that portion of the defendant's land that was taken by the Department of Transportation.

"Now, I charge you that in considering consequential damages, I charge you on the law of circuity of travel. I charge you that damages for what is called circuity of travel in access to one's property as such is not compensable as consequential damages. If circuity of travel is involved as a measure of damages, such diminution of value, if it applies, may be considered if the same affects in part or [results in] a reduction in the fair market value of the property remaining after the taking by the Department . . . You must first determine the actual value of the land taken, that would be one amount. Then you would next determine what amount, if any, consequential damages will result to the remaining property owned by the condemnee, and if you find consequential damages, then add that to your actual damage finding."

The objection to this instruction was that the court did not give a complete definition of consequential damages in terms of diminution of fair market value. The instruction is in line with Code § 36-504 and is a correct statement of the law. *State Hwy. Dept. v. Howard,* 124 Ga. App. 76 (4) (183 SE2d 26) (1971); *State Hwy. Dept. v. Jackson,* 100 Ga. App. 704 (4) (112 SE2d 356) (1959). Had the appellant desired more specific instructions, they should have been requested in writing prior to the close of the evidence.

2. Was the verdict excessive? Where there is evidence to show that the land taken will, by intrusion on the general layout of the property, tend to destroy the unity of the farm and thus depreciate the market value of the part not taken, this is a legitimate subject for consideration in determining the amount of consequential damages. *Flemister v. Central Ga. Power Co.,* 140 Ga. 511 (79 SE 148) (1913). We agree with the appellant that the jury had to find a sizeable amount of consequential damages in order to arrive at a verdict of over $51,000, and that this could come only from the testimony of the appellee. We do not, however, find that testimony as inadequate as the appellant would have us believe. We are well aware of *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782) (1966) and cases based on it to the effect that one may only testify as to value if he has an opportunity for forming a correct opinion (cost price alone is insufficient), but these cases further stand for the proposition that a jury is not required to accept as correct opinion evidence of value even where there is no other evidence from which they might base an independent conclusion. *Curl v. First Fed. Savings &c. Assn.,* 243 Ga. 842 (257 SE2d 264) (1979). The owner's testimony taken as a whole shows his familiarity with his land and that in his vicinity, and the mere fact that on cross examination he agreed that the value he set upon it was the value to himself does not destroy the probative value of his testimony; it is merely one more factor for the jury to take into account. Code §§ 38-1708, 38-1709. There was ample evidence from which the court could have determined that Brown's estimates of value were based on informed opinion, and in point of fact there was no objection to his testimony as being conclusory. He gave prices of tracts of land auctioned off in the vicinity and compared the qualities as farm land with his own. He testified that the land taken was worth approximately $2,000 per acre and that in addition there was a pond on it which supplied irrigation for the north acreage of the farm, the value of which was lessened by removing it. He valued two pecan trees at $1,000 each based on a crop yield of over $100 per tree per year. The value of his remaining pond has been depreciated by clay runoff resulting from highway excavation. The highway now comes within 180 feet of his house, and it became necessary to brick veneer it in

order to lessen the traffic noise. He further testified that the remaining 90 acres of his land had in his opinion been damaged by half (that is, $600 per acre) due to the cutting in small tracts, the lack of access, and the amount of highway traffic. Further, he estimated that the value of the house was previously $20,000 and had been reduced by half, and that outbuildings which he had erected decreased by $6,000 in value because located within four feet of the new right of way, making it impossible any longer to drive around them. These calculations were all before the jury without objection and totalled considerably more than the verdict returned. We do not find them without probative value. This decision tracks *Dept. of Transp. v. Driggers,* 150 Ga. App. 270 (257 SE2d 294) (1979), which cites *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428) (1977) to the effect that the value fixed by the jury may be higher or lower than that of the opinion, provided the verdict is not palpably unreasonable under all the evidence, and which further observed: "It strains credulity beyond the breaking point to accept the opinions of the state's expert witnesses who testified that locating an interstate highway 55 feet from a person's residence would not result in any diminution of value of that person's home." The facts of this case vary in detail, of course, but we find the state's position that there were *no* consequential damages as unlikely as did the jury. The amount returned is within the range of the evidence and consequently is not excessive.

*Judgment affirmed. Birdsong and Sognier, J J., concur.*

ARGUED JULY 7, 1980 — DECIDED
SEPTEMBER 8, 1980.

*Milton A. Carlton,* for appellant.
*George H. Lane, Francis W. Allen, Susan E. Warren,* for appellees.