## 28544. WALKER v. THE STATE.

INGRAM, Justice.
There are two enumerations of error which bring this conviction for armed robbery, and also a conviction for a related misdemeanor, to this court for review on appeal from Fulton Superior Court. The appellant received a sentence of life imprisonment in the robbery

case and a twelve-month concurrent sentence for the misdemeanor offense.

Appellant's brief states that: "The only questions presented by this appeal are the (trial) court's rulings on two motions for a mistrial." The first motion, which appellant contends was error for the trial court to overrule, relates to testimony on direct examination given by a City of Atlanta detective in response to questions put to him by the prosecuting attorney. The questions and answers dealing with this mistrial motion are as follows: "Q. Directing your attention to October 3rd, 1972, did you have occasion to be working burglary at that time? A. On October 3rd? Q. Yes, sir. A. Yes, sir. Q. Did you also have occasion to work an armed robbery that took place at the Thomasville Heights Rental Office? A. Yes, sir, I did. Q. Would you please tell the jury exactly how you became involved in that, and what happened at that time, sir? A. On or about October the 2nd I had received information from an informant, who is a reliable informant, he has furnished information to us on numerous occasions which have resulted in arrests and convictions on numerous occasions. We got in touch with him, through our conversation with him we were able to ascertain that Sammy Lewis Walker, the subject sitting by the defense counselor over there, along with a subject, Plukie, who was Robert Baker, had been planning to rob — Mr. Cohran: I am going to object to this. Mr. Dean: Yes, sir. That's about the rankest hearsay that I have come across in a long time. In fact, I think that warrants a motion, almost. The Court: Well, what do you want to do, make a motion or an objection? Mr. Cohran: I move for a mistrial, Your Honor. He knows better than that. Mr. Cohen should have stopped him just like that. He knows better than that."

Appellant argues that this was hearsay testimony of such a prejudicial nature that the trial judge should have granted a mistrial and "that no amount of instructions to the jury to disregard would allow this defendant a fair and impartial trial." The trial court overruled the motion for a mistrial but sustained defense counsel's objection to the testimony and then instructed the jury as follows: "Ladies and gentlemen of the jury, the last response of this witness relating to certain statements by an alleged

informer have been ruled out by the court. That is, I strike from the record that testimony and that evidence relative to this witness' testimony about any statements by an alleged informer. I instruct you, members of the jury, you should not consider it at any time during your deliberations or during the course of the trial, any such testimony or any such evidence or any such statement by the alleged informant."

It appears from the transcript of evidence that another City of Atlanta detective, also working on the case, previously testified on both direct and cross examination, without objection, that information received from an informer led the police authorities to believe appellant had committed the robbery. Under these circumstances, even if it were error for the trial court to overrule the motion for mistrial, it was harmless error. "In the refusal to declare a mistrial, the discretion of the trial court will not be disturbed, unless it is made to appear that a mistrial was necessary to preserve the right of fair trial." *Worthy v. State,* 184 Ga. 402 (1) (191 SE 457). See also *Joyner v. State,* 208 Ga. 435 (3) (67 SE2d 221). This enumeration of error is without merit.

The second enumeration of error complains that the trial court erred in overruling a second motion for mistrial made in response to a portion of the prosecuting attorney's argument to the jury during the first phase of the trial dealing with the determination of appellant's guilt or innocence by the jury. The trial court allowed the argument as being a permissible deduction from the evidence. The argument in question was: "You can believe them and you can turn them loose, and next time it may not be Flora Dorsey or Doris Chapple or Miss Meadows up here testifying, it might be Dr. Robert Stivers, who's the Medical Examiner of Fulton County, saying, 'Yes, she was killed in an armed robbery by Robert James Baker . . .' "

The state contends this argument pointed to a co-defendant on trial, as appellant was not mentioned by name, and that the argument was a proper deduction from the evidence. Appellant's contention is that the argument referred to both defendants and was prejudicial to appellant as it injected murder into this trial when it was not in issue.

We agree the prosecuting attorney's argument referred to both defendants even though the argument was interrupted and appellant was not specifically mentioned by name. However, we do not agree the argument was reversible error under the facts of this case. The record discloses that all three of the ladies named in the prosecuting attorney's argument testified in the case. These witnesses testified that the co-defendant Baker stated, during the commission of the robbery, that: (1) "He didn't have anything to lose, that he would burn up anyway, and it didn't matter if he, you know, killed one of us or not"; and, (2) "I can't die but one time, so I can't get any more time killing one of you as all of you"; and, (3) "if we didn't do what they wanted to do that they didn't have anything else to lose by just killing us, that they didn't want to hurt anybody but they would if they had to."

The state's evidence authorized the jury to conclude, as it did, that appellant and the co-defendant Baker jointly committed these crimes. The acts and declarations of one were the acts and declarations of the other in their joint commission of the crimes. Under these circumstances, we believe the argument in question was not improper but was a permissible deduction from the evidence. "While counsel should not be permitted in argument to state facts . . . not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." *Owens v. State,* 120 Ga. 209, 210 (3) (47 SE 545). The case of *Edwards v. State,* 90 Ga. 143 (15 SE 744) relied on by appellant, is distinguishable on its facts and not applicable in this case. In *Edwards,* supra, a homicide case, the prosecuting attorney, in his concluding remarks to the jury, said that since the last term of the court in the county of the trial twenty murders had been committed and no one punished. The trial judge held that argument to be improper. What was said by the Court of Appeals in *Walker v. State,* 5 Ga. App. 367 (63 SE 142), is pertinent here: "Counsel should not go outside the facts appearing in the case and the inferences to be deduced therefrom, and lug in extraneous matters as if they were

a part of the case; but upon the facts in the record, and upon the deductions he may choose to draw therefrom, an attorney may make almost any form of argument he desires. Of course, there are certain exceptions dictated by the decorum of the court and similar considerations; but the remarks here objected to are within no such exception." The prosecuting attorney's remarks objected to in the present case made no reference to the prevalence of unpunished armed robbery or other crime in Fulton County or elsewhere, but were, to the contrary, reasonable deductions from the evidence. Since the evidence shows a threat of death was communicated to the victims of this armed robbery, the trial court did not err in overruling the motion for mistrial based upon the prosecuting attorney's argument in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 2, 1974 — DECIDED APRIL 4, 1974.

*Robert L. Ridley,* for appellant.
*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Carter Goode,* for appellee.