## 51269. BREWER v. THE STATE.
## 51270. HARDAWAY v. THE STATE.

WEBB, Judge.

Brewer and Hardaway were jointly tried and convicted of theft by taking, and they appeal. *Held:*

1. Hardaway complains that the court erred in not granting him a continuance in order to hire private counsel to represent him. This contention is without merit. Hardaway's case had appeared on the trial calendar many times previously over a period of several months, during which period he had changed lawyers several times resulting in continued delays of the trial. Finally the trial judge determined that Hardaway would not be permitted to delay any longer and would be

required to go to trial with appointed counsel in the event retained counsel did not appear.

"In this case the trial court was warranted in its conclusion that appellant's request . . . was more designed to delay than to defend . . ." *Bradley v. State,* 135 Ga. App. 865. Accord, *Willingham v. State,* 134 Ga. App. 144 (1) (213 SE2d 516); *McLendon v. State,* 123 Ga. App. 290 (2) (180 SE2d 567); *Duke v. State,* 104 Ga. App. 494 (1) (122 SE2d 127).

2. Complaint is made that Hardaway's character was placed in issue by testimony of a witness indicating that he was identified from police photographs. This contention is without merit. *Creamer v. State,* 229 Ga. 704, 707 (2) (194 SE2d 73); *Woodard v. State,* 234 Ga. 901; *Little v. State,* 135 Ga. App. 772.

3. During concluding argument, the district attorney stated: "He [Hardaway] came in to try and talk to the detective, but who knows what he was trying to get the detective to do, maybe pay him off, end up paying off or trying to pay off the victim in the case." Objection was made that the district attorney was stating facts not in evidence and not deducible from the evidence. The objection was overruled, and error is enumerated thereon.

We find insufficient grounds for reversal. The state's case tended to show that Brewer and Hardaway were engaged in a conspiracy in a classic case of pickpocketing, Brewer attracting the victim's attention and Hardaway taking money from her purse and running away. Approximately two weeks later the victim saw the two at Davison's and pointed them out to the police, whereupon they fled. The victim saw Brewer again at a K-Mart store which resulted in his identification, and a warrant was issued for his arrest. Hardaway, who was not yet identified, then approached the detective in charge of the case with respect to the warrant for Brewer; and Brewer, who was identified, approached the victim and paid her back the money that was stolen. The victim also testified that Hardaway cursed her and told her not to come to court.

In these circumstances we cannot say that the district attorney's inference was not reasonably and legitimately warranted by the evidence. "No certain rule

could possibly be established, fixing the limit to which counsel in the discussion of facts in issue before a jury should go in drawing their deductions from the evidence. This is a matter of argument in which counsel should necessarily be allowed broad latitude, and whether the inferences drawn from the circumstances and facts proved in the case are legitimate or logical is a question for the jury to pass upon, and not for the court to undertake to control." *Milam v. State,* 108 Ga. 29, 31 (33 SE 818). Accord, *Owens v. State,* 120 Ga. 209 (3) (47 SE 545). " 'Counsel should not go outside the facts appearing in the case and the inferences to be deduced therefrom, and lug in extraneous matters as if they were a part of the case; but upon the facts in the record, and upon the deductions he may choose to draw therefrom, an attorney may make almost any form of argument he desires.' " *Walker v. State,* 232 Ga. 33, 36 (205 SE2d 260).

4. The guilty verdicts were authorized by the evidence. Since the convictions were not wholly dependent upon circumstantial evidence, it was not reversible error for the trial court to fail to charge, without request, the law of circumstantial evidence. *Bryant v. State,* 229 Ga. 60 (189 SE2d 435).

5. Grounds of the motions for new trial which are merely reiterated in the brief and unsupported by argument and citation of authority are deemed abandoned. *Schmid v. State,* 226 Ga. 70 (172 SE2d 616); *Edge v. State,* 117 Ga. App. 628 (161 SE2d 420); *Merrill v. State,* 135 Ga. App. 699 (3).

*Judgments affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED OCTOBER 22, 1975.

*Sylvia Levitt,* for Brewer.
*Stephen M. Friedberg,* for Hardaway.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney,* for appellee.