51669, 51670. DICKENS v. ADAMS (two cases).

Webb, Judge.

Mr. and Mrs. Adams filed separate suits, which were consolidated for trial before a jury, for damages arising out of an automobile collision alleged to be caused by the negligence of Mrs. Dickens. Mrs. Adams' suit was for personal injuries, lost wages and pain and suffering resulting from the collision, and Mr. Adams' was for medical expenses incurred, damage to his automobile and loss of consortium. Mrs. Dickens appeals the verdicts and judgments in favor of both plaintiffs.

1. Mrs. Dickens' first enumeration of error concerning the failure of the trial court to invoke the rule of sequestration of witnesses against the plaintiffs Mr. and Mrs. Adams is without merit. " 'The trial judge has no right to exclude from the courtroom, during the taking of testimony, a party to the case on trial. [Cits.] It is a matter entirely within the discretion of the trial judge as to whether he will require that the testimony of a party to the case be taken before the taking of the testimony of the party's witnesses. *Tift v. Jones,* 52 Ga. 538 (4).' It does not appear that this discretion was abused in the instant case." *Cone v. Davis,* 66 Ga. App. 229, 238 (14) (17 SE2d 849).

2. The trial court did not err in permitting the investigating officer to testify in regard to the visibility

and legibility of the "stop" sign painted on the pavement at which Mrs. Dickens failed to stop just prior to the collision.

Mrs. Dickens testified that the stop sign was covered by sand and so obscured that she did not see it. The officer testified, by way of deposition read into the record, that he could see the stop sign at the time of the accident, and that two days later he returned in his own vehicle and again saw the stop sign. Mrs. Dickens' attorney objected to further testimony "about this test" without laying a proper foundation. The trial court then permitted the Adams' attorney to ask the officer whether he could see the stop sign, to which the officer replied affirmatively.

It is apparent from the transcript that counsel never asked the officer whether he had performed a test and that the information which was objected to was gratuitously volunteered. Since the officer had previously testified that the stop sign was visible on the day of the accident and that testimony was not objected to, any error in permitting him to answer the question again was harmless in view of his prior testimony and that of other witnesses to the same effect. *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253, 256 (6) (187 SE2d 327) and cits.

3. The testimony of Dr. Foster, Mrs. Adams' psychiatrist, about conversations he had with her during the course of treatment was not inadmissible as hearsay. This witness was not expressing a belief as to the truth or falsity of the statements made by Mrs. Adams, but was merely expressing the basis for his professional opinion concerning the cause of his patient's anxiety and depression. As such, this testimony was admissible. *Fields v. State,* 221 Ga. 307 (144 SE2d 339); *Argonaut Ins. Co. v. Allen,* 123 Ga. App. 741 (182 SE2d 508).

4. There was likewise no error in permitting Dr. Foster to answer a hypothetical question which assumed that Mrs. Adams was disabled from her injuries and the anxiety and depression caused thereby, and unable to work from the time of the accident on March 13, 1973, until October 1, 1974.

The question did not require the psychiatrist to assume facts not in evidence in regard to the period of disability. Mrs. Adams testified that she did not return to

work until that date. The fact and extent of her injuries were extensively set forth in the testimony of Drs. Taylor, Hughston, Andrews, Elkins and Foster, who treated her. Dr. Andrews, an orthopedic surgeon, stated that he did not wish her to return to work until her fractures healed and that the first time the ulna appeared to be healed sufficiently to undertake her normal activities was in December, 1974. Dr. Foster testified that through April, 1975, her injuries and anxiety decidedly interfered with her capability to work. Further testimony established that Mrs. Adams will never fully recover from the effect of her injuries and that should a wrist fusion operation become necessary as arthritic pain develops, which is probable in her case, the disability would increase to 80 or 90 percent to her left arm as a whole.

The evidence amply supported an assumption that Mrs. Adams was unable to return to work until on or about October 1, 1974.

5. It is contended that Clark Adams was erroneously allowed to express his opinion of the fair market value of his automobile immediately before and after the collision on the grounds that insufficient foundation had been laid for his opinion and that it was partially based on hearsay. This contention is without merit.

"Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709. Thus, "Anyone may testify as to value if he has had an opportunity for forming a correct opinion. Code § 38-1709. The competency of the witness on this subject is usually for the court; his credibility is for the jury. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (1) (76 SE 387, AC 1914A 880)." *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123, 124 (173 SE2d 120).

On direct examination Mr. Adams related the make and model of his automobile; the date it was purchased; that it was purchased new and not used; the purchase price paid; the purpose for which it was used; that he and Mrs. Adams each used it approximately 50% of the time; the approximate mileage at the time of the collision; that it had not been involved in a prior collision; that he drove

it the day before the collision; that it appeared in perfect condition; that he had experienced no mechanical problems; that he saw it the day after the collision; what the damages to it were; and that it had been repaired. He further stated that he had checked evaluations with various automobile dealers and over appellant's objection estimated the reasonable market value of the automobile just prior to the collision to be $1,450.

" 'It is no objection to the evidence of a witness testifying as to market value that such evidence rests on hearsay.' 1 Whart. Ev. § 449." *Landrum v. Swann,* 8 Ga. App. 209 (1) (68 SE 862). Mr. Adams clearly established a sufficient foundation to properly express his opinion as to the fair market value of the automobile before and after the collision. *Taber Pontiac, Inc. v. Osborne,* 116 Ga. App. 274 (157 SE2d 33) and cits.

6. The trial court did not err in refusing to allow in evidence a certified copy of a divorce complaint filed by Mrs. Adams against Clark Adams. Mrs. Dickens sought admission of this document to prove that a divorce had been filed. However, Mrs. Adams had previously testified on cross examination that she had filed for divorce against Mr. Adams and both she and Dr. Foster were thoroughly questioned in regard to the allegations in the divorce complaint and whether these alleged acts could be or were anxiety-producing in Mrs. Adams. Not only did the complaint contain irrelevant and prejudicial matters such as the pecuniary condition of the parties, everything appellant could have established by its admission was brought out in the testimony of Mrs. Adams and Dr. Foster.

It is the duty of the trial judge to prevent the placing of inadmissible matter before the jury and in such action the law vests in him a very wide discretion. *Johnson v. Cook,* 123 Ga. App. 302, 306 (180 SE2d 591) and cits. Moreover, in view of the evidence as a whole it does not appear that the exclusion of the divorce complaint harmed the appellant since the fact sought to be proven had previously been established by other evidence. See *Gardner v. Ga. & F. R. Co.,* 120 Ga. App. 494 (2) (171 SE2d 540); *Keown v. Craig,* 228 Ga. 194, 195 (2) (184 SE2d 583).

7. The assertion that the trial court erred in refusing

to instruct the jury on the law of unavoidable accident is not meritorious. The substance of the requested charge defined accident as an event occurring without lack of ordinary care or diligence on the part of the defendant which would relieve her of liability. The trial court in defining for the jury the meaning of ordinary care and diligence charged them that they should find for Mrs. Dickens if they did not find that she had failed to exercise ordinary care or diligence or that the lack of ordinary care or diligence did not proximately cause Mrs. Adams' injuries. This fully stated the applicable principles embodied in the request.

"A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault." *Gordon v. Gordon,* 133 Ga. App. 520, 525 (3) (211 SE2d 374) and cits. The charge requested here was merely cumulative of the instructions given and it was not error to refuse to charge it.

8. Enumerated errors 8 and 9 involve alleged improper argument of counsel. In his closing remarks to the jury the Adams' attorney made the following argument: "Where does the responsibility lie if the defendant says it's not upon the plaintiff? If a collision occurred, somebody is responsible. And the defendant has filed into this court under oath the statement that it is not the plaintiff's. Then there's only one left —" Mrs. Dickens' counsel objected, stating "It is not the law that if the plaintiff is not at fault that there has to be fault to be placed on the responsibility of some other place." The court overruled the objection on the ground that the argument was adjusted to the evidence in this case.

Subsequently, in commenting on the issue raised that Mrs. Adams' emotional problems stemmed from her divorce action rather than the automobile collision, her attorney stated: "But this red herring had to be dragged out here as a so-called defense. And as I say, I'm sorry for any defendant who must resort to this kind of thing to attack the rights of a person who has been wrongfully injured —" Mrs. Dickens' counsel again objected and requested that the jury be instructed to disregard

personal comments. The court replied to the Adams' attorney, "Mr. Kelly, the rule is that you concern your arguments to the evidence and the logical deductions." No further objection was made and no further relief was then sought. Mrs. Dickens now asserts that improper remarks and a lack of corrective action require a finding that reversible error was committed. We do not agree.

The evidence amply authorized the inference that Mrs. Dickens was at fault and it was not improper for counsel to urge the jury that they should find in favor of Mr. and Mrs. Adams. "Counsel should not go outside the facts appearing in the case and the inferences to be deduced therefrom, and lug in extraneous matters as if they were a part of the case; but upon the facts in the record, and upon the deductions he may choose to draw therefrom, an attorney may make almost any form of argument he desires." *Walker v. State,* 5 Ga. App. 367 (63 SE 142); *Walker v. State,* 232 Ga. 33, 36 (205 SE2d 260); *Brewer v. State,* 136 Ga. App. 285 (220 SE2d 780).

Throughout the course of the trial Mrs. Dickens also sought to raise the issue of Mrs. Adams' divorce proceedings in mitigation of the personal injury action, even though Dr. Foster's testimony that the collision and prolonged recovery developed the anxiety and tension which brought about the filing of the divorce suit was neither contradicted nor rebutted. "Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge. . ." *Adkins v. Flagg,* 147 Ga. 136, 137 (2a) (93 SE 92).

We find no error for any reason assigned.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED JANUARY 27, 1976 — REHEARING DENIED FEBRUARY 12, 1976 —

*Hirsch, Beil & Partin, John P. Partin,* for appellant.

*Kelly, Champion, Denney & Pease, Ernest Kirk, II,* for appellees.