## 51897. FLEMING v. THE STATE.

WEBB, Judge.

Gloria Fleming appeals her conviction of carrying a concealed weapon in violation of Criminal Code § 26-2901 and carrying a pistol without a license in violation of Criminal Code § 26-2903. *Held:*

1. In his concluding argument the solicitor stated, "But you are going to set the standards about gun control, not those letters to the newspaper." No reversible error appears. *Chambers v. State,* 134 Ga. App. 53, 54 (4) (213 SE2d 158); *Brewer v. State,* 136 Ga. App. 285, 286 (3) (220 SE2d 780).

2. In enumeration of error 2 appellant attacks the same portion of the charge she complained of in her appeal from a separate conviction for pointing a pistol at another, and this issue has been determined adversely to her contentions. *Fleming v. State,* 137 Ga. App. 805.

3. The court charged the jury: "A person commits a misdemeanor when she has or carries on or about her person outside of her home, automobile, or place of business any pistol or revolver whether concealed or not for which she has not obtained a license from the probate judge of the county in which she resides. The state makes out a prima facie case where it shows that the accused

carried a pistol on her person or had manual possession of a pistol not in her home, not in her automobile, not in her place of business. Prima facie evidence is that evidence beyond which the State need not go to establish the facts alleged in this accusation. But whether same have been established or not, the law makes it your duty to take all the evidence *to overcome the prima facie evidence* of the State along with the other evidence in the case in *determining whether or not you have a reasonable doubt . . .*" (Emphasis supplied.)

This charge is constructed in such manner as to indicate that the defendant has a burden of introducing evidence to overcome the state's prima facie case before the jury can entertain a reasonable doubt, and as such is reversible error. *Chambers v. State,* 127 Ga. App. 196, 199 (5) (192 SE2d 916); *Bush v. State,* 129 Ga. App. 160, 161 (2) (199 SE2d 121). Accordingly both convictions must be reversed.

Upon retrial the court should note that the state does not make out a prima facie case of carrying a pistol without a license by merely showing that the accused carried the pistol, but must also show that she did not have a license for the pistol from the probate judge of the county in which she resides. Criminal Code § 26-2903; *Head v. State,* 235 Ga. 677, 679 (221 SE2d 435).

4. Upon retrial, defendant has the right to have the jury polled in language to indicate whether the verdict "was and is now" the juror's verdict. *Wilson v. State,* 93 Ga. App. 375 (2) (91 SE2d 854); *Campbell v. State,* 111 Ga. App. 219 (7) (141 SE2d 186).

*Judgments reversed. Deen, P. J., and Quillian, J., concur.*

ARGUED MARCH 2, 1976 — DECIDED MARCH 11, 1976.

*Durden, Harvey & Aven, Stan Durden,* for appellant. *Ken Stula, Solicitor,* for appellee.