*N. Forrest Montet,* for appellee.

## 51891. BESS v. THE STATE.

CLARK, Judge.

Defendant was tried before a jury and convicted of criminal issuance of a bad check (Code § 26-1704). This appeal enumerates as error two portions of the court's charge to the jury. *Held:*

1. Code § 26-1704 provides that, "it is prima facie evidence that the accused knew that the instrument would not be honored, if: (1) The accused had no account with the drawee at the time the instrument was made, drawn, uttered, or delivered; or (2) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after delivery and the accused failed to make good within 10 days after receiving notice of that refusal. . ."

Following an instruction on the substance of this provision, the court gave the following charge: "[Prima facie evidence] is that evidence beyond which the state need not go to establish the facts alleged in the accusation. That is insofar as the evidence is concerned, when the state has presented the evidence as required by law you would be authorized to accept that evidence as true until and unless facts contrary thereto shall be established to your reasonable satisfaction. Now while explanation or contradiction of facts shown in the State's prima facie evidence must be established to your reasonable satisfaction before you would be authorized to believe it rather than such prima facie evidence, it need not be proven beyond a reasonable doubt. But whether same has been established or not, the law makes it your duty to take all of the evidence in the case to overcome the prima facie evidence of the state along with the other evidence in the case in determining whether or not you have a reasonable doubt of the defendant's guilt. . ."

We agree with defendant's contention that the court's language was both confusing and burden-shifting. The concept of prima facie evidence as defined by the court is so intertwined with the state's burden of persuasion as to render both legal principles incomprehensible. The

charge appears to imply the following: (1) that the state's evidence is accepted "as true until and unless facts contrary thereto shall be established" by the defendant; (2) that the defendant has the burden of negating the state's case and of proving his innocence to the jury's "reasonable satisfaction"; (3) that evidence presented by the defendant which explains or contradicts the state's evidence should not be believed "rather than such prima facie evidence" unless defendant's evidence is proved to the jury's "reasonable satisfaction"; (4) that the defendant must "overcome prima facie evidence of the state" before the jury can entertain a reasonable doubt as to guilt.

In *Fleming v. State,* 138 Ga. App. 97, an instruction nearly identical to the last sentence of the above quoted charge was held to be impermissibly burden-shifting. The charge here, when considered as a whole, appears even more objectionable than that which required a reversal in *Fleming.* The thrust of the charge is that the jury can entertain a reasonable doubt as to guilt only where the defendant has proved to the jury's reasonable satisfaction facts which negative the state's evidence. This wholly ignores the state's burden of proof and the defendant's presumption of innocence. See *Bush v. State,* 129 Ga. App. 160, 161 (2) (199 SE2d 121). Accordingly, defendant's conviction must be reversed.

2. Defendant asserts that the following instruction was erroneous: "Convictions must not rest upon suspicion, conjecture, or possibility of guilt. Where all facts and circumstances of the case present two theories of equal probability, one of innocence and one of guilty; there the jury should acquit."

This instruction appears in the Criminal Pattern Jury Instructions compiled in 1975 by the Council of Superior Court Judges. Our court was first called upon to consider this charge in *Fleming v. State,* 137 Ga. App. 805 (1). There we noted the instruction was not harmful to an accused but that ". . . the charge may be more apt where only circumstantial evidence is involved." In the case sub judice this instruction, when considered in conjunction with the burden-shifting language previously discussed in Division 1, may have furthered the jury's confusion as to the state's burden of proof. Upon retrial of this case, the

court should omit this superfluous and potentially misleading language.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MAY 5, 1976.

*Jack H. Affleck, Robert D. Peckham,* for appellant.
*Ken Stula, Solicitor,* for appellee.