## 54138. HENSLEE v. MARTA.

WEBB, Judge.

This personal injury case arises from a collision between Henslee's pick-up truck and a MARTA bus. Henslee sought $50,000 in damages and appeals from the jury verdict awarding him $2,000.

The evidence established that the MARTA bus

improperly changed lanes, hooking the front bumper of Henslee's truck in its rear bumper and bending it forward, causing property damage of $286.90. Henslee testified that he hit his head and shoulders against the back of the truck and that his head started hurting and felt "funny." He did not go to the hospital, but drove himself home and went to his own doctor the next day. He went back to work a few days after the accident, missed three weeks, and then resumed his regular job as a carpenter and foreman full time for two years, at which time he was "laid off" because of a work slow down. In October 1975 Henslee swore to a claims examiner for the unemployment compensation division of the Georgia Department of Labor that he was able to work, available for work and actively seeking work. At the trial of the case on June 21, 1976, he reiterated under oath that he was able, available and actively seeking work.

Medical testimony of two doctors who treated Henslee revealed that he had severe physical problems prior to the collision. In 1970 he injured his back and neck in a fall which caused headaches that totally disabled him from working for seven months. He was also involved in an automobile accident in 1970 and had degenerative disc disease incurred from an injury to a disc in his back, an asthmatic bronchitis, abdominal problems and neck pains prior to the injuries complained of here.

1. Henslee enumerates as error the trial court's exclusion from evidence of the Carlisle Mortality Table, contending that the evidence established that he had been permanently injured by the collision in issue. However, even assuming that the medical evidence presented here was sufficient to support a finding that Henslee was permanently disabled as a result of the MARTA collision, reversal is not required for this reason. The jury knew his age and had ample evidence before it to determine the probable length of his life and probable worth. "Where the age of a person is shown, his expectancy of life may be determined by the jury without any other direct evidence on the subject. Tables of the probable length of life and its probable worth may be useful, but are not conclusive or absolutely essential for that purpose." *Claridy v. Bear,* 135 Ga. App. 910, 911 (2) (221 SE2d 53) (1975).

2. Prior to trial Henslee filed a motion in limine requesting an order prohibiting MARTA's attorney from referring to or arguing to the jury "that their tax money will have to pay whatever verdict they return in the case ..." The court stated orally that the motion was granted. In his final argument, counsel for MARTA admonished the jury to "think about how many fifteen cents you would have to collect out of the fare box to make $50,000," and Henslee's attorney moved for a mistrial. The trial court determined that the argument did not contravene its order, and Henslee enumerates this as error.

We find insufficient cause for reversal. Not only is the range of such comment necessarily within the discretion of the trial judge, when the closing argument is viewed in its entirety it is clearly within the broad latitude allowed counsel in arguing his case to the jury. See *Brewer v. State,* 136 Ga. App. 285, 286 (3) (220 SE2d 780) (1975); *Dickens v. Adams,* 137 Ga. App. 564, 568 (8) (224 SE2d 468) (1976).

3. Henslee insists that the trial court's failure to charge in the exact language of his request to charge number 12 effectively eliminated the question of permanent injury from the jury's consideration. We do not agree. Examination of the entire charge reveals that this issue was adequately placed before the jury. "[T]he present rule is that if the trial judge substantially covers the requested charge, though not in the exact language requested, no error can be successfully assigned as to such failure to charge." *Adams v. Smith,* 129 Ga. App. 850, 855 (8) (201 SE2d 639) (1973). See also *Edwards v. Delvero,* 139 Ga. App. 880, 881 (2) (229 SE2d 763) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED JULY 6, 1977 — DECIDED JULY 13, 1977.

*Pye, Groover & Pye, Lewis M. Groover, Jr.,* for appellant.

*Huie, Ware, Sterne, Brown & Ide, Terrence Lee Croft,*

*Paul A. Howell, Jr., James Booker,* for appellee.