## 56325. CRAWLEY v. MARTA et al.

WEBB, Judge.

Mrs. Crawley sought damages for certain injuries alleged to have been sustained due to the negligent operation of a MARTA bus by its operator in making a sudden, violent and unnecessary stop. MARTA admitted that its operator made a sudden and violent stop, but claimed that it was necessary in order to avoid a collision and possible serious injury, and that any injury resulting to Mrs. Crawley was unavoidable. The jury returned a verdict in MARTA's favor and Mrs. Crawley appeals, enumerating 19 errors, all of which are without merit.

1. The verdict was clearly not contrary to the evidence and there was competent evidence to support the verdict and the judgment. The MARTA operator testified unequivocally that the stop he made was necessary to avoid hitting a car that cut in front of him. Mrs. Crawley and her witness testified that there was no "apparent" reason for the stop, and that they could not see whether or not there was any reason for the stop.

Mrs. Crawley's argument that when contradictory facts are presented to the jury they cannot choose which witnesses to believe is not a valid principle of law. "Competent evidence is that which is admissible. Code Ann. § 38-102. Creditable evidence is that which is

believed. Questions as to creditability and preponderance address themselves to the trier of facts. Code §§ 38-107, 38-1805, 38-1806. On appeal, the appellate tribunal does not determine the credibility of witnesses or the preponderance of the evidence. The appellate tribunal utilizes the 'any evidence' test, a test not available to the trier of facts in deciding disputed factual issues." *Guye v. Home Indemnity Co.,* 241 Ga. 213, 215 (244 SE2d 864) (1978).

2. In Enumerations 2 through 15, to which the bulk of Mrs. Crawley's 90-page brief is devoted, she complains of the court's instructions to the jury, insisting that the court erred in giving its own charges in lieu of those requested by her. These requested charges were clearly, correctly and accurately covered in the instructions given, which were adjusted to the evidence presented and supported by the law. " '[T]he present rule is that if the trial judge substantially covers the requested charge, though not in the exact language requested, no error can be successfully assigned as to such failure to charge.' [Cits.]" *Henslee v. MARTA,* 142 Ga. App. 821, 823 (3) (237 SE2d 225) (1977).

3. Enumerations 16 through 19 are based on matters either not appearing in the record or irrelevant to the trial under review, and therefore cannot be considered by this court. *J. W. J. v. State of Ga.,* 140 Ga. App. 366 (231 SE2d 131) (1976); *Walker's Ready Mix v. Lewis Bros. General Contractors,* 132 Ga. App. 147 (3) (207 SE2d 628) (1974).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 5, 1978 — DECIDED SEPTEMBER 25, 1978.

*G. Seals Aiken, John L. Respess, Jr.,* for appellant.
*Kennedy & Sampson, John L. Kennedy, Thomas G. Sampson,* for appellees.