58154. DEPARTMENT OF TRANSPORTATION v.
SCONYERS et al.

BIRDSONG, Judge.

The Department of Transportation condemned 3.118 acres of land belonging to the appellees Sconyers for right of way for a limited access, by-pass highway and interchange at Augusta. The property involved was one of three tracts owned by the Sconyers and were contiguous pieces of property. At the time of the condemnation, the particular property was zoned single family residential, but the adjacent property owned by the Sconyers was zoned for light business. Apparently there was an agreement by the owner, Mr. Sconyers (since deceased) that the parcel upon which the homesite was located would not be rezoned to light business. However, that impediment would no longer exist following the taking. There was testimony that the best and highest use for the property was commercial and not residential. The appraiser for DOT initially appraised the entire tract as commercial and gave a value of 75 cents per square foot as the after-taking value. DOT requested a new appraisal of the particular tract involved seeking to limit the appraisal to the value based upon the legal restriction that the property would not be rezoned to commercial. The appraiser gave the residential value both before and after as .073 per square foot. This together with certain improvements to the particular parcel involved amounted to an estimated value of $10,900. This amount was paid into the court. Appellees, the Sconyers, appealed the award as being inadequate to the superior court. Upon trial, the jury awarded appellees $65,000. This was made the judgment of the court. DOT brings this appeal enumerating the general grounds and the failure of the court to give a requested charge informing the jury in substance that the jury could not consider the

enhancement of value of the property that might be caused by the improvements. *Held:*

1. In the first enumeration of error, DOT urges that there is no evidence to support the jury's award of $65,000. The appellants tacitly admit that the legal impediment of the residential zoning restriction is no longer a factor since DOT admits that the opinion of their witness placing a value of $10,000 per acre would support a $31,180 verdict. Thus, this court is concerned only with the question of whether there is any evidence to support a value of $65,000 as commercial property. We find some evidence to support the jury's findings. The only expert called (DOT's appraiser) testified that once it became known that improvements would be made which would affect the property values, his appraisal would take that enhancement factor into consideration. Thus he would include in his appraisal the fact that property values were on the rise. Testimony was elicited that in 21 comparable sales of property sold which had been affected by the by-pass highway, the minimum comparable sale of these different properties had been 63 cents per square foot. Though the appraiser attempted to limit this testimony to so-called "after" values, the testimony reflected that knowledge that the expressway was coming did indeed inflate adjoining property values. Such evidence fully supports a jury conclusion that any property adjacent to the expressway, close to an exit, would increase in value even before the highway reached the property. The jury also had evidence of what those increased property values probably would be by virtue of comparable sales. Accepting the lowest per square foot valuation shown by the expert, i.e., 63 cents per square foot, the jury consistently could have returned a property value in excess of $80,000. It follows that a verdict of $65,000 is well within the range of the evidence. *Price v. State Hwy. Dept.,* 111 Ga. App. 255 (3) (141 SE2d 215). Moreover, it is clear that the jury could legitimately consider the enhancement of value based upon probable future use of the property. *Department of Transp. v. Knight,* 143 Ga. App. 748, 749 (240 SE2d 90). Lastly, the jury was not bound to accept the testimony of the expert that he would place a value of $10,000 per acre upon the property if it

were zoned commercial, but was at liberty to consider the evidence placed before it and exercise its own knowledge and ideas. *Department of Transp. v. Driggers,* 150 Ga. App. 270 (1979); *Fulton County v. Bailey,* 107 Ga. App. 512, 514 (3) (130 SE2d 800). There being sufficient evidence to support the verdict of the jury, we find an enumeration based upon the general grounds to be without merit.

2. In its second enumeration of error, DOT alleges that it was error for the trial court to fail to charge the jury that it could not consider the enhancement of value of the property but was limited to the value of the property as of the time of the taking. The trial court charged the jury without objection that it could consider enhancement of value in the property caused by a probable change in zoning and a probable future use (which could include a use for highway purposes, *Department of Transp. v. Knight,* supra). A request to charge that informed the jury that it would not be entitled to consider enhancement in value, if any, of the property after the roadway was constructed but must be limited to the value of the property as of the date of its acquisition, while a correct statement of law in vacuo, was not adjusted to the evidence. It is not error to refuse such a charge. *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898). The trial court in its charge did charge the jury that it must base its value as of the time of the taking considering the present zoning. However, the jury was not restricted to present zoning but could take into consideration, if not too remote and speculative, that there was a reasonable probability or possibility that the zoning restrictions may be in the near future repealed or amended so as to permit the use in question. 4 Nichols on Eminent Domain (3d Ed.) 12-627, § 12.322; *Civils v. Fulton County,* 108 Ga. App. 793, 796 (134 SE2d 453). But the evidence gave rise to the probability that the zoning would change and the property was escalating in value because of the impending highway use. Thus, the requested charge not only was not adjusted to the evidence but certainly would have confused the jury by seeming to limit it in its consideration of pertinent evidence. The trial court's charge was fully adjusted to the evidence and included

correctly the principles urged by DOT. The law in this state is that if the trial judge substantially covers the matters requested, though not in the exact language requested, no error sufficient to warrant a new trial is shown. *Crawley v. MARTA,* 147 Ga. App. 293, 294 (248 SE2d 555); *Henslee v. MARTA,* 142 Ga. App. 821, 823 (237 SE2d 225). For the reasons stated, we find this enumeration to be without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JULY 9, 1979 — DECIDED OCTOBER 2, 1979 — REHEARING DENIED OCTOBER 18, 1979 —

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Thomas R. Burnside, Jr., Assistant Attorney General, James B. Wall, Deputy Assistant Attorney General,* for appellant. *Carl J. Surrett,* for appellees.