## 61244. MADDOX v. THE STATE.

BIRDSONG, Judge.

Lorenzo Maddox makes this appeal after a restitution hearing, which was held following his plea of guilty to burglary. He contends the trial court erred in permitting a lay witness (the victim and owner of the stolen property) to testify as to her opinion of the value of an item without giving the basis for the formulation of that opinion, and that the trial court erred in permitting that lay witness to prove the alleged value of an item by the hearsay statement of a non-expert witness. *Held:*

Maddox stole from the owner an Argus movie projector, a Brownie camera, a highly sophisticated German-made camera, a Mr. Coffee coffeemaker, an ice cream maker, a brand new Coleman lantern, a White double-needle zig-zag sewing machine, a set of pre-war china by Noritake containing service for twelve, a set of china with platinum trim containing eight place settings with ten pieces each, cut glass stemware from Poland, her grandmother's 22-Karat gold wedding ring, her husband's 18-Karat gold wedding ring, and other antique jewelry inherited from her grandmother and great-aunts. Also, Maddox had broken a hole in an antique desk.

For this property, the victim gave an aggregate value of $1,500. For some of the items she testified as to their cost, stated approximately how long she had each item and how often she had used the items. She valued the German-made camera at $100 based on the fact that when her brother gave it to her as a gift several years earlier, he had told her it was a very expensive camera, and that, "it would be like a $100 camera 20 years ago." She valued the 12-service,

pre-war Noritake china at $500, based on an appraisal her mother received after her grandmother died. She valued the sewing machine at what she would have sold it for.

We find no error in admitting this testimony and using it as a basis to order restitution in the amount of $1,500. The question of value is a matter of opinion (Code Ann. § 38-1709), and as to questions of opinion, the witness may swear to his opinion or belief, giving his reasons therefor. Code Ann. § 38-1708; *Dunbar v. State,* 146 Ga. App. 136 (245 SE2d 486). One need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion. Code Ann. § 38-1709. The owner of property is considered to be qualified to state his opinion as to value. *Seaboard Coast Line R. Co. v. Toole,* 128 Ga. App. 24, 25 (195 SE2d 282); *Fulton County v. Power,* 109 Ga. App. 783, 784 (137 SE2d 474). "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property . . . or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion." *Sisk v. Carney,* 121 Ga. App. 560, 563 (174 SE2d 456).

The competency of the evidence in the case was clearly established. The victim in this case proved her knowledge and familiarity with the items, and gave reasons for the value she assessed as to each item. It is not objectionable that her opinion as to value might, in some cases, be based on hearsay. *Dickens v. Adams,* 137 Ga. App. 564, 567 (224 SE2d 468). Moreover, she did not purport to represent such hearsay as truth or fact, but used it to show the foundation or basis for her opinion. The credibility of this witness was for the trier of fact. Code Ann. § 38-1805, 1806. The witness was thoroughly cross examined, particularly as to the bases for her opinions of value; if her testimony fell short of establishing the value, there was ample opportunity for the defendant to show it, and whether he did so was a question for the trier of fact. See *Dickens,* supra, p. 566.

We think, moreover, that especially where an owner of stolen property is attempting to establish value for purposes of restitution by the thief, if there is any doubt as to whether the witness has shown a sufficient basis or foundation for her opinion as to value, there are particularly sound reasons of justice why the evidence ought to be admitted and its weight and credibility, and indeed the question of whether she has given sufficient foundation, should be left to the trier of fact. See *Jasper County v. Butts County,* 147 Ga. 672, 673 (95 SE 254).

The judgment in this case was fully authorized by the evidence.

We find no merit in Maddox' appeal.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 27, 1981.

*Stroud P. Stacy,* for appellant.
*Ann Mitchell, Michael Sheffield, Assistant District Attorneys,* for appellee.