## 62735. BEASLEY v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of the offense of cruelty to children (Code Ann. § 26-2801) involving the death of her two-month-old son. After reviewing each of the errors enumerated in her appeal, we affirm appellant's conviction.

1. The medical examiner testified that the infant's death was due to severe growth retardation secondary to malnutrition with marked dehydration. Appellant asserts that the jury's guilty verdict was unauthorized because the evidence supported a reasonable hypothesis other than the guilt of appellant (that the child died of malabsorption syndrome).

Malabsorption syndrome is a disorder of the normal nutritive absorption process. Dr. Joseph Almand testified that the disorder is characterized by vomiting, diarrhea, abdominal distention, as well as

crying. He noted that a child suffering from malabsorption would get some benefit from the food it ingested since the body does not malabsorb everything but only has trouble with certain elements, e.g., proteins, sugars, or vitamins, etc. The unabsorbed material passes through the gastrointestinal tract and is excreted. Dr. Almand, the only doctor to examine the baby during its short life, testified that there was no evidence to suggest that the child would have a problem with feeding when he examined the then one-day-old infant.

Dr. John Stich, the medical examiner who performed the autopsy on the decedent, testified that there was no food present in the stomach, no significant amount of fecal material in the GI tract, and no abnormality detected in the GI tract. Evidence of the lack of material in both the stomach and the gastrointestinal tract precluded a finding that the child had succumbed from the effects of malabsorption syndrome. Thus, the evidence did exclude that hypothesis and the jury's verdict was authorized.

2. Also enumerated as error is the trial court's denial of appellant's motion in limine and motion to suppress certain photographs, documents, and testimony that allegedly should have been excluded due to a lack of compliance with the provisions of the Georgia Post Mortem Examination Act (Code Ann. Ch. 21-2). Appellant asserts that Code Ann. § 21-219 mandates State Crime Lab certification of all evidence gathered in an investigation of a death before the material can be admitted into evidence at trial. Appellant has misconstrued the statute. It provides for the admission into evidence of certified reports and certified copies of records, photos, lab findings, and reports without proof of the official character of the person whose name is signed thereto. Thus, *original* photographs identified and authenticated by the photographer are admissible as is the *testimony* of the medical examiner who performed the autopsy. We note that the only documentary evidence introduced by the state was a copy of the child's birth certificate, which evidence is not covered by the Post Mortem Act.

3. Finally, appellant maintains that the trial court erred when it denied the general and special demurrers to the indictment. Appellant asserts that the indictment insufficiently set forth the allegations and the date of the alleged offense.

The true test of the sufficiency of the indictment is "whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet. . .'" *State v. Black,* 149 Ga. App. 389 (2) (254 SE2d 506). In the present case, the indictment tracked the language of the statute and charged that appellant, the mother of the child who was under 18 years of age, wilfully deprived the child of necessary sustenance to the

extent that the child's health and well-being were jeopardized, thus causing his death. Charging the appellant in the terms of the statute gave her sufficient notice of the elements of the offense and what she had to be prepared to meet. See *State v. Black,* supra, Division 4. Therefore, the denial of the general demurrer was not error.

4. Appellant bases her enumeration of error regarding the denial of the special demurrer on the fact that the indictment charged her with committing the offense on a certain date (January 20, 1981, the date the child died) and asserts that the offense was incapable of being completed in one day since Dr. Almand testified that an infant could survive without food for two weeks. "Unless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment is immaterial. To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. [Cit.]" *Rosser v. State,* 157 Ga. App. 161 (2b) (276 SE2d 672).

Since time is not an essential element of the offense charged and since the state proved that the offense occurred prior to the return of the indictment and within the statute of limitation, the time of the commission of the offense alleged in the indictment was immaterial and the denial of the special demurrer was not error.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED JANUARY 22, 1982.

*Ken Gordon,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.