71907, 71954. COOPER v. THE STATE (two cases).
(345 SE2d 606)

BIRDSONG, Presiding Judge.

William Cooper was convicted of two counts of child molestation and sentenced to twenty years, fifteen to serve followed by five on probation as to each count but to be served concurrently. He appeals this conviction and sentence enumerating ten asserted errors. *Held*:

1. The facts in this case, if believed by the jury, are more than sufficient to support the conviction for child molestation. We do not deem it necessary to repeat the evidence as given by the victims as there has been no challenge to the sufficiency of the evidence.

As part of his defense, in addition to substantial evidence of good character and his own total disavowal of molestation, Cooper offered the testimony of an expert in psychology who testified that certain test results were wholly incompatible with a pedophile personality and that because of physical injuries and psychological traits it was most unlikely that Cooper could experience a penile erection. Mrs.

Cooper also testified that her husband had been sexually impotent in their marital relationship for a number of years. Cooper also called several young female relatives who had visited in his home in Miami and at Lake Sinclair who denied that Cooper had ever molested them in any fashion. The state was allowed to offer evidence that some of these witnesses had earlier admitted to another relative (the maternal aunt of the two young girls) that Cooper had in fact molested them. This evidence was admitted as impeaching testimony of the defense witnesses. This same maternal aunt was allowed to testify that Cooper had sought to molest her some years earlier while she was visiting him in Miami.

During its opening statement and closing argument, the state made reference to these other acts of misconduct and denominated Cooper as a "pervert." Evidence had also been adduced that the parents of the children had borrowed money on several occasions. On one occasion, they had borrowed $2,500 and paid back $3,500. Cooper sought to show that because of defaults in some payments, the parents had reason to "blackmail" him manifested by the accusations of their daughters. In argument the state characterized Cooper as a "loan shark." Additional facts necessary to an adequate discussion of the several enumerations of error will be set forth in discussions thereof.

2. In his first enumeration of error, Cooper attacks the curtailment of his cross-examination into the circumstances surrounding the taking of his pretrial statement. In substance he complains the trial court erred in allowing the state to present the testimony of both interrogating officers, the second's testimony as being prejudicially cumulative and repetitious to the first's.

We are aware of no rule in this state's criminal procedure that requires the state to select one of several witnesses who witnessed and participated in the extraction of an inculpatory statement from the defendant and limit the testimony of voluntariness or content of the statement to that one witness only. Indeed, to the contrary, it is a more common practice to have more than one of the interrogating officers to testify concerning the circumstances surrounding the taking of and the content of an oral statement, which was the situation in this case.

Secondly, Cooper offers the argument that his rights of cross-examination were prejudicially curtailed when the trial court would not allow counsel to inquire into exculpatory comments made by Cooper but which did not find their way into the written summary of the statement. The officers both agreed that Cooper denied any actual molestation of any child including the two victims in this case. They also remembered that Cooper made certain exculpatory comments. Upon an objection that such comments were self serving, the trial

court excluded such comments. No objection was made to this exclusion and at no time did counsel make an offer of proof as to what the purported exculpatory comments might have been. In fact at one point counsel for Cooper withdrew such a question and further stated he was not seeking what Cooper's answers might have been, but only to show that Cooper made exculpatory answers to questions propounded by the officer which were not recorded in the summary. Nevertheless, the fact that some questions were answered in an exculpatory manner was before the jury. No matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of the exclusion. It is not sufficient in an appellate brief to call attention to error. The error, if any, must have been committed at trial and the ruling must have been made, not on a question only, but in light of the facts about which the witness would have testified. *Parrish v. State*, 88 Ga. App. 881, 883 (78 SE2d 366). See *Money v. State*, 137 Ga. App. 779, 780 (224 SE2d 783). There is no merit in this enumeration.

3. In his second enumeration of error, Cooper asserts the DA committed error in numerous ways during the state's opening statement and closing argument. More specifically objection is now made in the appellate brief to the DA's remark that there could be no medical evidence of the molestation under the circumstances of the case; the reference to Cooper as a "pervert" and a "loan shark"; several purported expressions of personal opinion by the prosecutor; a reference that the two girls probably would need a lifetime of remedial psychological help; reference to an asserted common ploy by molesters that they cannot be guilty because at their age they are not physically capable of sexual activity; the prosecutor's comments concerning the out-of-town expert psychologist called by the defense; repeated reference to molestation by Cooper of several generations of the same family as well as other children; comments on the helplessness and veracity of the two child victims; the fact that the state did not have a list of defense witnesses to prepare rebuttal; other related comments and the cumulative effect of all the purported illegal arguments upon the jury in a case that involved solely an issue of credibility between Cooper and the two children.

Counsel utilized over 15 pages of their 75-page brief in discussing the alleged prejudicial impact of these various arguments upon the jury. We have examined each portion of the allegedly objectionable argument in the context of the facts and the issues created by those facts. We agree that counsel cannot be permitted in argument to state facts which are not in the record. But it is an entirely different matter to draw deductions from the evidence or, where illustrative of an is-

sue, the lack of it. The fact that a deduction may be illogical, unreasonable or even absurd, is a matter for reply by adverse counsel and not rebuke by the court. *Morgan v. State*, 124 Ga. 442 (1) (52 SE 748). Thus it has been held that upon the facts in the record and the deductions a counsel may draw from the facts (or where made conspicuous by the absence of facts) an attorney may make almost any form of argument he desires. *Walker v. State*, 232 Ga. 33, 36 (205 SE2d 260); *Brewer v. State*, 136 Ga. App. 285 (220 SE2d 780). Even assuming arguendo improper argument by the state's counsel (a fact we reject in this case), it has been held many times that when questionable argument is made to a jury, it is necessary in order to make the same a basis for review, that opposing counsel make proper objection to it at the time the error is made or invoke some ruling or instruction from the court respecting it, either by reprimanding the counsel, or of instructing the jury to disregard it, or of seeking or having declared a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later. *Daniels v. State*, 230 Ga. 126, 127 (195 SE2d 900). In this case the vast majority of the objections now raised in appellant's brief were wholly ignored at trial. Part of the grounds now raised as error was waived affirmatively and the only objection calling for corrective action and a mistrial was to the prosecutor's reference to Cooper as a pervert. Even in that respect, it is quite proper for counsel to recount the evidence and draw inferences therefrom. The evidence in this case if believed showed that Cooper engaged in unnatural sexual activities with children under the age of ten and on another occasion accepted $1,000 in interest for a $2,500 loan. Thus there was evidence to support inferences and argument to the jury that Cooper was a pervert and a loan shark. *Dudar v. Lewis*, 158 Ga. App. 724, 726-727 (282 SE2d 194). See also *Moore v. State*, 222 Ga. 748 (152 SE2d 570); *Bailey v. State*, 138 Ga. App. 807, 809 (4) (227 SE2d 516). Our examination of the argument and comments upon the evidence made by the state satisfy us that while his comments were forceful and sometimes colorful, such argument was not wholly unwarranted nor wholly without support in the facts presented. We find no error resulting in material prejudice to the substantial rights of Cooper.

4. In his third enumeration of error, Cooper complains the state was allowed erroneously to bolster the credibility of the two child victims by use of hearsay. The basis for this enumeration is that the state was allowed to present evidence through the childrens' mother that first the oldest child had stated Cooper had molested her and then allowed the mother to repeat what the younger child had said. The children themselves likewise were allowed to repeat each other's conversations.

It is clear from the record that the state offered this testimony by

the mother and the two children as a manifestation of first outcry of the misconduct. Expert testimony was presented that children tend to keep such activities a secret for several reasons. This was designed to establish why the children made no outcry at all during a long course of continuing conduct. It was equally clear that the movie that the mother and children were watching was designed to encourage children to overcome their natural reluctance created by fear, love or loyalty and make clear it was appropriate conduct to tell others of this type of sexual molestation. Thus the state convinced the trial court that the movie prompted a first outcry. It should be observed moreover that the mother was not allowed to testify to any details of the alleged molestation, only that the children generally said they had been molested in some manner. The children themselves furnished all details as to the particulars of the criminal activity. In such circumstances, we can discern no prejudice to Cooper in the testimony of the mother relating to outcry. See *Lively v. State*, 157 Ga. App. 419 (4) (278 SE2d 67). Also see *Taylor v. State*, 176 Ga. App. 567, 574 (4) (c) (336 SE2d 832). We find no merit in this enumeration.

5. In his enumeration of error 4, Cooper contends the trial court erred in curtailing his right of cross-examination of the two children. In the appellate brief, Cooper cogently argues he desired to establish that the two children had been molested by someone other than their great uncle and most likely by their own father. The defense also apparently desired to show that the two children received their sexual education and awareness from someone other than Cooper. Thus when one of the children was asked if she had been "French Kissed" by her father, the state objected on the ground of relevancy. This objection was sustained. Cooper now contends his right of cross was prejudicially curtailed.

It is axiomatic that the scope of cross-examination lies largely within the discretion of the trial court. The exercise of that discretion will not be disturbed in the absence of a manifest abuse. *Kessel v. State*, 236 Ga. 373, 375 (223 SE2d 811). No matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material, and the substance of the material evidence must be called to the attention of the trial court at the time of its exclusion. It is not sufficient to set forth thereafter in any appellate brief what the witness would have answered. The error, if any, must have been committed at trial, and the ruling must have been made, not on a question only, but in light of the facts about which the witness would have testified. *Parrish v. State*, supra at 883. See *Cooper v. Mercantile Nat. Bank*, 137 Ga. App. 605, 611 (224 SE2d 442). In this case there was no proffer at trial of what counsel was expecting or what the answer might be. Even if there was error, it was not preserved for our

review.

6. In general the fifth enumeration is concerned with the repeated references in the state's case to other uncharged acts of molestation of the same and other children. Included in this enumeration was the denial of a motion in limine to suppress such references by the state; references to such acts in the state's opening statement allegedly erroneously placing Cooper's character in evidence; the state's repeatedly asking defense witnesses if they had been molested by Cooper and receiving negative averments; and the trial court's failure to grant Cooper a hearing pursuant to Rule 33.1 of the Uniform Superior Court Rules dealing with the admissibility of prior acts of criminal misconduct.

The basis for the state's offer of this evidence was to show the course of conduct followed by Cooper for a number of years. For such a purpose the evidence clearly was admissible. The general rule is that evidence of a distinct, separate crime is inadmissible on the prosecution for another crime. See *Deuser v. State*, 138 Ga. App. 211, 213 (225 SE2d 758). There are exceptions to the "other crimes" rule and these exceptions have been rather liberally extended in case of sexual crimes. *Sudlow v. State*, 140 Ga. App. 146, 147 (230 SE2d 106). In many such cases, the issue turns into a swearing contest between the victim and the accused as to what occurred. In such a case the existence of a deviant sexual attitude is left the only issue in the case; the likelihood of harm if the defendant has been wrongfully accused is over-balanced by the necessity of determining the social potentialities for behavior of the defendant. *Thomas v. State*, 234 Ga. 635 (217 SE2d 152). Thus, we reject that part of Cooper's argument that the court erred in allowing evidence of earlier molestation involving the two victims as well as other alleged acts of molestation. Even in the face of denials on cross-examination of such molestation by certain of the female witnesses called by the defense, the state properly was allowed to ask the question for the state was armed with information that these same witnesses had made prior inconsistent statements admitting Cooper's acts of molestation. Thus the court properly could admit such evidence as grounds for impeachment.

As to the failure to hold a hearing on the admissibility of the prior acts of misconduct in accordance with Rule 33.1 of the Uniform Superior Court Rules, we observe the following. It was shown that the pretrial proceedings in this case were concluded prior to the effective date of the advent of the Uniform Superior Court Rules. Prior to the effective date of those rules there was no mandated requirement for such a hearing. In view of the new rules, counsel for the state served upon the defense notice of the proposed testimony of prior acts of misconduct more than ten days prior to the actual trial date. Moreover, Cooper was afforded a pretrial hearing on his motion in limine

to prevent any reference to uncharged acts of misconduct. His motion was denied for the very proper reason that the conduct tended to show motive or course of conduct. Again as the trial proper began but before evidence was proffered, Cooper was afforded another hearing on the issue of uncharged misconduct. Once again his objection was overruled. Thus the only basis for this portion of Cooper's objection was the failure to hold a hearing prior to trial as provided by the new rules, which came into effect after pretrial matters had been concluded but before trial proper commenced. We conclude that appellant places form over substance. He was accorded not one but two hearings on this subject. His objection that the state failed to adhere to the new rules was not made until trial had commenced. Even if we were to concede an erroneous procedure, under the facts of this case such procedure would be wholly harmless in that the intent of the rule to provide a hearing had been met fully.

7. We find no merit to either enumeration 6 or 7. In enumeration 6, Cooper maintains the trial court showed prejudice and bias toward out-of-town counsel, holding him up to ridicule before the jury. In fact what the trial court did was to ensure its rulings were observed without unnecessary resistance by counsel. On several objections, Cooper's lead counsel sought to make clear the nature of his objection even after the trial court had ruled. While we are satisfied that counsel was trying only to perfect his record, the trial court interpreted the continuing discussion after a ruling as a reluctance to accept the ruling. The court pointed out that his rulings were final and he would broach no further argument. He asked the lead counsel to observe that the local counsel and the state's attorney were aware of the court's procedure in ruling on objections and motions and suggested lead counsel behave accordingly. We find no hostility or bias toward the defense counsel in such an admonition.

Enumeration 7 deals with the fact that the trial court opened its proceedings before the jury by conducting a short prayer. The jurors were informed they could participate or decline. There was no objection to this practice and appellant has made no showing as to how he might have been prejudiced, even assuming error, arguendo. Because there is no showing of prejudice, we would not reverse even if we assume error. See *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741).

8. Cooper argues the trial court erroneously denied a special demurrer to the indictment because the indictment averred the crimes of molestation occurred "on or before" September 3, 1984, rather than "on or about." We conclude this enumeration is wholly without merit. The evidence showed that the acts charged in the indictment were restricted in time and place to the lake and cabin area of Lake Sinclair occupied by Cooper and his two great nieces during the summers of either 1983 or 1984 (one of the children was uncertain

whether it could have been 1984 or 1983). The children did not visit Cooper at Lake Sinclair until 1983. Thus the indictment was reasonably specific and together with the evidence protects him from further jeopardy and informed him with reasonable specificity as to the time and place of the acts charged. See *Beasley v. State*, 161 Ga. App. 29, 30-31 (288 SE2d 828).

9. Cooper challenged the array of petit jurors on two grounds: (1) He contended that the jury was not representative of the citizens of the county. This was refuted by evidence from the court clerk who testified that the array was "right on the money" as far as percentages of citizens by race and sex. (2) Cooper argued that because all the jurors did not show up on time when the jurors were examined and seated, he was denied a fair representation. At best this is speculative for the record does not show how many of any particular class of juror was late, or that by the time the jury was selected all or most of the jurors were not present. It is clear that there were more than enough jurors present to fulfill the needs for Cooper's trial. We will not speculate as to the possible failure to have a cross representation of the county's population in the absence of a showing of the absence thereof. There is no merit to this enumeration.

10. Lastly Cooper urges that even if individually the assigned errors might not call for reversal, the cumulative effect of all the asserted errors combined calls for a new trial. We decline to accept this reasoning. In the first instance, as held hereinbefore, we have not found harmful error in any of the enumerations proffered in Cooper's brief. But assuming that one or more of the contentions amounted to harmless error, the law of this state is that any error shown on the record must stand or fall upon its own merits and is not aided by the accumulative effect of other claims of error. See *Sierra v. State*, 155 Ga. App. 198, 201 (270 SE2d 368).

11. In Case No. 71907, Cooper complains the trial court erred in denying him bond pending appeal. The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court. This court will not control that discretion unless it has been violated flagrantly. *Allen v. State*, 137 Ga. App. 302, 304 (223 SE2d 495). The criteria for the grant or denial of post conviction bail is succinctly set forth in *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895). That case establishes among other criteria that the trial court should not grant bail if it finds the convicted felon is likely not to appear to answer appellate proceedings or is likely to commit a serious crime. The trial court in this case denied bail, having concluded that Cooper had adequate economic wherewithall freely to move from place to place, had established residences in Miami, Florida, and that pedophiles are highly likely to commit additional crimes against children. Whether we agree with these findings and

conclusions is not controlling. There is some evidence to support at least part of the underlying basis for the trial court's conclusion. Consequently, we do not find a flagrant abuse of the trial court's discretion in denying bail.

*Judgments affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED MARCH 19, 1986 —
REHEARING DISMISSED APRIL 9, 1986 — 

*Rhonda A. Brofman, Diane E. Marger,* for appellant.
*Joseph H. Briley, District Attorney, Albert C. Martinez, Jr., Assistant District Attorney,* for appellee.